**Harold M. OSTER and Donald U. Emmert, Plaintiffs,**

**v.**

**Stella RUBINSTEIN and Edward J. Ennis, as Executors of the Last Will and Testament of Serge Rubinstein, Deceased, Defendants.**

United States District Court
S. D. New York.
March 8, 1956.

costs of the defendants. The controversy centers principally about the expense of a deposition taken of plaintiffs' assignor by defendants' decedent.

The costs were taxed following the dismissal of the action for lack of jurisdiction on the ground that the original defendant, now deceased, was a "stateless" person and therefore not subject to the alienage jurisdiction of this Court.[1]

■ In support of their motion the plaintiffs urge that since the requisite diversity of citizenship did not exist at the commencement of this action, there was never "any action in this Court" in which the decedent defendant could take a deposition. Alternatively, they argue it is "unfair" for them to be taxed costs since the motion to dismiss on jurisdictional grounds was made after the deposition had been taken.

Plaintiff's contentions lack merit. As to the first, § 1919 of Title 28 U.S.C.A. specifically empowers the District Court to order the payment of costs "Whenever any action * * * is dismissed * * * for want of jurisdiction * *."[2]

■■ Second, the defendants' decedent would have been remiss had he neglected to take the deposition of plaintiffs' assignor; especially so since the plaintiffs had previously examined him pursuant to the Rules. That the action was subsequently dismissed for lack of jurisdiction should not deprive a defendant of costs necessarily incurred in the preparation for trial. The fact that the motion to dismiss was not made by the original defendant but by his representatives who had been substituted following his death does not require a different result. Lack of jurisdiction may always be raised, and indeed must be raised by the Court itself against attempts to confer jurisdiction by consent.[3]

Parnell T. Callahan, New York City, for plaintiffs.

Edwin B. Wolchok, New York City, for defendants.

WEINFELD, District Judge.

Plaintiffs move to review the taxation by the Clerk of the Court of items of

1. D.C.S.D.N.Y., 136 F.Supp. 733.

2. See, In re Northern Indiana Oil Co., 7 Cir., 192 F.2d 139; Inglewood Federal Savings & Loan Ass'n v. Richardson, D.C. S.D.Cal., 121 F.Supp. 80; Mallonee v. Fahey, D.C.S.D.Cal., 122 F.Supp. 472.

3. Cf. American Fire & Gas Co. v. Finn, 341 U.S. 6, 17, 71 S.Ct. 534, 95 L.Ed. 702; Land v. Dollar, 330 U.S. 731, 735, note 4, 67 S.Ct. 1009, 91 L.Ed. 1209.