**Frank MASHAK, Plaintiff-Appellant,**

v.

**Wilber F. HACKER, Harriet Virginia Hacker, John F. Gibbons, Dorothy Delores (Reddish) Pasternak, Dorothy Lorraine (Reddish) Perry, Hubert Shaw, Floyd Isringhausen and Edna Hacker, Defendants-Appellees.**

**No. 13411.**

United States Court of Appeals Seventh Circuit.

Dec. 14, 1961.

Frank Mashak, St. Louis, Mo., for appellant.

Thomas L. Cochran, Springfield, Ill., Ralph E. Suddes, Mattoon, Ill., for appellee.

Edward F. Casey, Sorling, Catron & Hardin, Springfield, Ill., for defendants-appellees, Wilber F. Hacker, Harriet Virginia Hacker, John F. Gibbons, Edna M. Hacker and Floyd Isringhausen.

Before DUFFY, KNOCH and SWYGERT, Circuit Judges.

KNOCH, Circuit Judge.

Plaintiff, Frank Mashak, a Missouri citizen, instituted suit for declaratory judgment as to ownership of certain farm lands in Jersey County, Illinois, and for partition of those lands. Jurisdiction was based on diversity of citizenship.

Mr. Mashak asserted ownership of an undivided one-third interest in the farm lands. As to the remaining two-thirds interest, he alleged that the actual ownership was in doubt as the result of various law suits, devises, and transfers of title, the validity of which was in question.

On motion of defendants, Count I of Mr. Mashak's complaint (for declaratory judgment as to the respective interests in the farm lands involved) and paragraph one of Count II (which realleged the assertions of Count I) were stricken, apparently on the ground that no justiciable controversy existed between Mr. Mashak and the defendants, Mr. Mashak having alleged that one defendant, Dorothy Delores (Reddish) Pasternak, had been wrongfully deprived of her interest in the farm lands by defendants John F. Gibbons and Wilber F. Hacker.

It appeared that Edna M. Hacker, a Missouri citizen, held a purported lien on the farm lands. Therefore, Mr. Mashak, on his oral motion, was given leave to add Edna M. Hacker as a party defendant, and her appearance was filed. Defendant Dorothy Delores (Reddish) Pasternak, a California citizen, filed an "Answer of Complaint and Counterclaim" seeking relief against both Mr. Mashak and the other defendants, including Dorothy Lorraine (Reddish) Perry, a California citizen.

Counsel for Wilber F. and Harriet Virginia Hacker, John F. Gibbons, and Edna M. Hacker, moved to dismiss both the complaint and the counterclaim for want of jurisdiction. The District Judge, in a carefully reasoned opinion, concluded that both Edna M. Hacker and Dorothy Lorraine (Reddish) Perry were indispensable parties, whose presence in the case destroyed diversity of citizenship. Both plaintiff and Edna M. Hacker are citizens of Missouri. Both Dorothy Lorraine (Reddish) Perry and the counterclaimant, Dorothy Delores (Reddish) Pasternak, are citizens of California. The motion to dismiss the complaint and the counterclaim was granted on March 29, 1961. Counsel for appellees, the Hackers, John Gibbons, and Floyd Isringhausen, assert that they received notice of the entry of this order and copy of the District Court's opinion. The District Clerk's office file contains a carbon copy of a letter addressed to Mr. Mashak and purportedly mailed to him, notifying him of the entry of the order of March 29, 1961, and forwarding copy of the Court's opinion. Mr. Mashak states that he never received that letter and that the first notice he had of the entry of the order was on May 10, 1961, when he happened to check the docket. He contends that the docket entry indicating that notice of the dismissal of the case on March 29, 1961, had been given to counsel in this case, was inserted sometime after May 10, 1961.

Mr. Mashak then filed a motion for leave to file motion for new trial out of time on the ground of untimely notice of the dismissal order of March 29, 1961. His motion was denied on May 17, 1961. Mr. Mashak's subsequent notice of appeal was filed well after the permissible time set out in Federal Rules of Civil Procedure, Rule 73, 28 U.S.C.A., and there is pending before this Court a motion to dismiss this appeal for want of jurisdiction. Appellees rely on Howard v. Local 74, 1953, 208 F.2d 930, 932, at page 932, wherein this Court said:

"The courts have repeatedly held that compliance with the requirements of a statute permitting an appeal is jurisdictional, and that an extension of time may be granted only on satisfaction of the statutory provisions therefor. [citing cases]"

A motion for leave to file an untimely motion for a new trial does not terminate the running of the time for appeal. Rule 77(d) provides that:

"Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 73(a)."

Rule 73(a) provides that:

"[U]pon a showing of excusable neglect based on a failure of a party to learn of the entry of a judgment the district court in any action may extend the time for appeal not exceeding 30 days from the expiration of the original time herein prescribed."

■ On May 10, 1961, when Mr. Mashak states he first learned of the entry of the order of March 29, 1961, he still had time in which to request relief under Rule 73(a), but he made no application to the District Court for relief under that rule or under Rule 60 which permits the District Court to grant relief from a final order under certain specified circumstances. The motion to dismiss this appeal is granted.

■ Thus, we do not reach the question of the merits of this appeal. However, we have considered the arguments

presented by all parties. Had we reached the question, we would have been compelled to affirm the decision of the District Court. Both Edna M. Hacker (a party defendant to plaintiff's complaint, and a citizen of Missouri, as is plaintiff himself) and Dorothy Lorraine (Reddish) Perry (a party defendant to the counterclaim of Dorothy Delores (Reddish) Pasternak, a citizen of California, as is the counterclaimant) are indispensable parties. Thus diversity of citizenship was lacking and the complaint and counterclaim were properly dismissed for want of jurisdiction.

Dismissed.