**Frank MASHAK, Plaintiff-Appellant,**

v.

**Wilber F. HACKER, Harriet Virginia Hacker, John F. Gibbons, Dorothy Delores (Reddish) Pasternak, Dorothy Lorraine (Reddish) Perry, Hubert Shaw, Floyd Isringhausen and Edna Hacker, Defendants-Appellees.**

No. 13678.

United States Court of Appeals Seventh Circuit.

May 14, 1962.

Rehearing Denied May 28, 1962.

Frank Mashak, St. Louis, Mo., for appellant.

Thomas L. Cochran, Springfield, Ill., for appellee.

Before DUFFY, KNOCH and SWYGERT, Circuit Judges.

PER CURIAM.

After the mandate had issued from this Court in Mashak v. Hacker, 7 Cir., 297 F.2d 495, and had been received by the District Court, defendants filed their bill of costs in the District Court in the sum of $80.45. Thereafter, plaintiff moved to strike the affidavit filed in support of the bill of costs and to disallow the costs. The District Court denied plaintiff's motion to strike and by its order approved the costs taxed by the Clerk which were in accordance with the bill of costs.

Plaintiff appeals from the order and has filed a motion in this Court requesting us to review the District Court's action and to reverse. The motion incorporates plaintiff's contentions, arguments, and authorities in support of his motion.

Defendants filed no response in this Court except a communication pointing out that they supported their bill of costs with a memorandum of authorities filed in the District Court and that they rely upon it to answer plaintiff's contentions.

Upon consideration of the record, plaintiff's motion, and defendants' memorandum, the District Court's order is affirmed.

■ 28 U.S.C. § 1919 provides that when the District Court dismisses an action for lack of jurisdiction, the Court

may order the payment of "just" costs. In In Re Northern Indiana Oil Company, 7 Cir., 192 F.2d 139, we held that a district court has the power to tax costs even though it has no jurisdiction to entertain the action. To a like effect is the holding in Oster v. Rubinstein, D.C., 142 F.Supp. 620.

 28 U.S.C. § 1920 permits the taxing of costs incident to the taking of a deposition even though subsequent to the taking the case is dismissed for lack of jurisdiction. Oster v. Rubinstein, supra.

Affirmed.