JONAS STROUTH AND ANOTHER v. JOHN WILKISON.

224 N. W. 2d 511.

December 13, 1974—No. 44533.

*Stein & Stein* and *Manuel H. Stein,* for appellant.

*Trenti, Berger, Carey & Roche* and *Robert F. Berger,* for respondents.

Heard before Sheran, C. J., and Todd, MacLaughlin, and Knutson, JJ., and considered and decided by the court en banc.

MACLAUGHLIN, JUSTICE.

This is an action to recover damages for misrepresentation and breach of contract. Defendant appeals from the trial court's judgment awarding plaintiffs damages in the sum of $41,300, together with costs and disbursements. The trial court decided the case on the theory of fraudulent misrepresentation. We affirm in part and reverse in part.

The material facts in this case are not in dispute. Plaintiffs, husband and wife, are doctors on the staff of the East Range Clinic at Virginia, Minnesota. Defendant, at the time the contract was entered, was employed as an electrician by the Erie Mining Company and his wife was a patient at the medical clinic. Plaintiffs desired to construct a home in the country. Defendant submitted plans for the house, and after negotiations plaintiffs and defendant entered into a contract by which defendant promised to construct the house for $38,000. Defendant testified at trial that this price was barely above his cost and said that he was making a sacrifice to repay plaintiffs for their kindness to him and to his wife. During the course of construction, defendant incurred unexpected expenses caused by the need for blasting rock in digging the foundation and by heavy rains. As a result, after having spent $25,293, which plaintiffs paid, defendant had constructed only 20 percent of the house, which partial structure had a value of only $12,000. At this point defendant decided that he would not be able to finish the project within the contract price of $38,000 and abandoned the project. Plaintiffs then hired other contractors to finish construction, expending $54,007, which the trial court found to be the reasonable cost of completing construction in accordance with the plans and specifica-

tions. Plaintiffs, after having spent a total of $79,300, now have a house with a reasonable value of $48,000.

During the course of negotiations, defendant made certain representations to plaintiffs which the trial court found induced plaintiffs to enter into this contract. Specifically, defendant represented (1) that he had 17 years' experience in the building business in Indiana, from which he withdrew because of ill health; (2) that he was "an engineer from Purdue;" (3) that his net worth was over $70,000; and (4) that he was able to obtain a performance bond for this project. In reality, (1) defendant discontinued his construction activities due to his filing bankruptcy in South Bend, Indiana; (2) defendant was not an engineer although he did attend Purdue University for 2 years as a pre-engineering student; (3) defendant neglected to deduct his liabilities from his assets in arriving at his net worth, leaving his actual net worth at only $45,000; and (4) due to his bankruptcy, defendant was unable to be bonded. The trial court found that defendant's statements constituted knowing misrepresentations of material facts upon which plaintiffs reasonably relied. The trial court awarded damages in the sum of $41,300. On appeal, defendant asserts that these misrepresentations did not involve material facts and that they were not the proximate cause of plaintiffs' damages. Defendant also claims that the trial court incorrectly applied the rule on measure of damages for misrepresentation.

It is within the province of the trier of fact to determine whether or not a defendant has misrepresented a material fact and whether that misrepresentation was the proximate cause of plaintiff's injury. Davis v. Re-trac Mfg. Corp. 276 Minn. 116, 149 N. W. 2d 37 (1967). On appeal, findings made by the trial court will not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. Rule 52.01, Rules of Civil Procedure. There is sufficient evidence in the record to support the trial court's findings that the misrepresentations were of mate-

rial facts and that those misrepresentations proximately caused plaintiffs' damages.

The amount of damages in an action based on misrepresentation is also to be determined by the finder of fact. Rosenquist v. Baker, 227 Minn. 217, 35 N. W. 2d 346 (1948). However, in this case, the trial court incorrectly applied the rule by which damages for misrepresentation are measured.

In Minnesota, damages for misrepresentation are limited to the actual out-of-pocket loss sustained by the plaintiff as a proximate result of the defendant's fraud and the purchaser's reliance thereon. Lowrey v. Dingmann, 251 Minn. 124, 86 N. W. 2d 499 (1957). In the normal case, this amount would be the difference between the actual value of the property received and the price paid for it, together with such other or special damages as were naturally and proximately caused by the fraud prior to its discovery, including restitution for expenses reasonably and necessarily incurred after discovery of the fraud in a bona fide effort to mitigate damages. Lowrey v. Dingmann, *supra*. But this is not the normal case. Here, defendant's misrepresentations induced plaintiffs to enter into a contract for the construction of a house. After completing only 20 percent of the house, defendant abandoned the contract. Defendant argues that the measure of damages should be $13,293, which is the difference between the actual value of the 20 percent completed ($12,000) and the amount paid by plaintiffs to defendant up to the time the contract was abandoned ($25,293). However, this amount would not compensate plaintiffs for all the damages proximately caused by defendant's misrepresentations. When defendant abandoned the contract, he left plaintiffs with only a partial structure which was in itself of little or no value. Plaintiffs' effort to finish the house was a reasonable attempt to mitigate damages, and this is true despite the fact that the cost to complete the house according to defendant's plans was in excess of the contract price and even in excess of the fair market value of the completed house. The party guilty of fraud is liable for all out-of-pocket-

loss damages proximately caused by the fraud, even though such damages were not within the contemplation of the wrongdoer or his adversary. Lowrey v. Dingmann, *supra*; Bergquist v. Kreidler, 158 Minn. 127, 96 N. W. 964 (1924).

The trial court awarded damages of $41,300, which is the difference between the total amount expended by plaintiffs ($79,300) and the contract price ($38,000). In our judgment, the amount awarded does not properly reflect the rule of damages for misrepresentation as applied in Minnesota. The proper measure of damages under these circumstances is $31,300 or the difference between $79,300, the total amount expended by plaintiffs as a proximate result of defendant's misrepresentations, and $48,000, the reasonable value of the completed house.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. No costs or disbursements shall be allowed to either party.