Willis M. DURYEA, Jr., Appellant,

v.

The THIRD NORTHWESTERN NATION-
AL BANK OF MINNEAPOLIS, a na-
tional banking association, Bruce Win-
slow, John Doe and Mary Roe, Appel-
lees.

No. 78–1740.

United States Court of Appeals,
Eighth Circuit.

Submitted April 18, 1979.

Decided May 15, 1979.

Paul D. Nelson (on brief), Berg, Hacking
& Berg, Minneapolis, Minn., argued, for ap-
pellant.

Norman R. Carpenter, Minneapolis, Minn.
(argued), and Robert L. Schnell, Jr., Minne-
apolis, Minn., on brief, for appellees.

Before ROSS, STEPHENSON and HEN-
LEY, Circuit Judges.

PER CURIAM.

This is an appeal in a civil case from the
findings and judgment of the district
court [1] in favor of the defendant-counter-
claimant, The Third Northwestern National
Bank of Minneapolis, in the amount of its
loan, plus attorney fees and costs, against
plaintiff-appellant, Willis M. Duryea, Jr.
The two primary issues raised on this ap-
peal are whether defendant bank violated
the Bank Holding Company Act of 1956 in
making the loans to plaintiff, and whether
the trial court's award of attorney fees and
costs was proper.

Upon this court's own motion we consider
the order of reference to the magistrate
and the action taken by the district court in
entering judgment upon the magistrate's
findings to be improper and remand for
further proceedings.

Pursuant to written stipulation and con-
sent of the parties the district court re-
ferred this matter to the magistrate as fol-
lows:

IT IS ORDERED that trial of the
above-entitled action be before Magis-
trate Robert G. Renner, and that any
appeal be directly to the Court of Appeals
for the Eighth Circuit from the judgment

---

1. The Honorable Donald D. Alsop, United States District Judge for the District of Minne-
sota.

entered by this court consistent with and pursuant to the Findings of Fact, Conclusions of Law, and Recommended Order for Judgment of the Magistrate, and without appeal to the undersigned.

■ The order of reference "without appeal to the undersigned" is improper because it is well established in this circuit that this court is without jurisdiction to hear appeals directly from a decision of a United States Magistrate. *Swanson & Youngdale, Inc. v. Seagrave Corp.*, 542 F.2d 1008 (8th Cir. 1976); *Reciprocal Exch. v. Noland*, 542 F.2d 462 (8th Cir. 1976); *United States v. Haley*, 541 F.2d 678 (8th Cir. 1974).

■ Furthermore, the final order is deficient because it fails to indicate the court considered issues of law. After trial the magistrate filed Findings of Fact, Conclusions of Law, and Recommended Order for Judgment. The district court, in ordering that the clerk enter judgment dismissing plaintiff's complaint and enter judgment for the defendant-counterclaimant bank against plaintiff Duryea, stated: "The court adopts the findings of the Magistrate and accepts the recommendation contained therein." The district court did not indicate that it had considered or adopted the magistrate's conclusions of law. *Compare Swanson & Youngdale, Inc. v. Seagrave Corp.*, 561 F.2d 171, 173 (8th Cir. 1977).

28 U.S.C. § 636(b)(2), pursuant to which the stipulation and order of reference to the magistrate was entered, provides in part as follows:

A judge may designate a magistrate to serve as a special master pursuant to the applicable provisions of this title and the Federal Rules of Civil Procedure for the United States district courts. A judge may designate a magistrate to serve as a special master in any civil case, upon consent of the parties, without regard to the provisions of rule 53(b) of the Federal Rules of Civil Procedure for the United States district courts.

It is clear from the statute and its legislative history that Congress intended that the applicable Federal Rules of Civil Procedure pertaining to a reference to a master except for Rule 53(b) would apply. The House Committee in its report considering the second sentence of section 636(b)(2) stated:

This exception takes such cases out from the restrictions of Rule 53(b), which limits the conditions under which cases may be referred to a master, since no significant purpose is served by restricting the use of magistrates where the parties agree to this procedure. At the same time, Rule 53 contains many important rules governing the powers of masters, the conduct of proceedings before them, and the submission of reports. Thus, subsection 636(b)(2) retains these provisions in any case in which a magistrate is appointed as a special master.

1976 U.S.Code Cong. & Admin.News pp. 6162, 6172.

It thus appears that Fed.R.Civ.P. 53(e)(4) applies to a magistrate's report where reference has been made with the consent of the parties. It reads as follows:

*Stipulation as to Findings.* The effect of a master's report is the same whether or not the parties have consented to the reference; but, when the parties stipulate that a master's findings of fact shall be final, only questions of law arising upon the report shall thereafter be considered.

Under the circumstances the district court should have considered all issues of law arising from the magistrate's conclusions of law and indicated its ruling with respect thereto.

Remanded to the district court for consideration of the conclusions of law made by the United States Magistrate [2] and certification of the results to this court.

---

**2.** We recognize legislation is pending before Congress which would enlarge the jurisdiction of United States Magistrates.