**LOEWEN–AMERICA, INC., Plaintiff Appellee-Appellant,**

v.

**ADVANCE DISTRIBUTING COMPANY, INC., Defendant,**

**Lindell Trust Company, a corporation, Garnishee Appellee-Appellant,**

**Charles L. Kagels, Intervenor-Appellant.**

**Nos. 81–2417, 81–2418 and 81–2438.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 26, 1982.

Decided March 8, 1982.

Grove Sweet, St. Louis, Mo., for Kagels.

Walter F. Timm, Barnard & Baer, St. Louis, Mo., for Lindell Trust Co.

Walter O. Theiss, Coburn, Croft & Putzell, St. Louis, Mo., for plaintiff appellee-appellant.

Before BRIGHT, STEPHENSON, and HENLEY, Circuit Judges.

## ORDER OF DISMISSAL AND REMAND

The record in this case shows that the district court[1] referred this litigation to a magistrate, The Honorable William S. Bahn, "for all further proceedings pursuant to 28 U.S.C. § 636(b)(3)."[2]

The magistrate entered an order on November 23, 1981, ruling on the issues. No separate judgment has been entered in this action nor has the referring judge considered or ruled on the magistrate's decision and order of November 23. The plaintiff (Loewen-America, Inc.), the garnishee (Lindell Trust Company), and an intervenor (Charles L. Kagels) have appealed from the magistrate's order.

The matter comes before this court on a motion by Lindell Trust Company to remand because the district court did not independently consider the magistrate's order.

Loewen-America has moved to dismiss the appeal on the ground that Lindell Trust failed to file objections to the magistrate's order, as required by 28 U.S.C. § 636(b)(1), and thereby waived any objection to the order and any right of appeal.

Charles Kagels, the intervenor, suggests that this court treat the district court's action as a referral to a magistrate under 28 U.S.C. § 636(c)[3] and permit the appeal to proceed. We reject this suggestion, because the record indicates an unequivocal reference to the magistrate under section 636(b).

Parties may not appeal directly to this court from an order of a magistrate entered pursuant to a section 636(b) referral. *Duryea v. Third Northwestern National Bank*, 602 F.2d 809 (8th Cir. 1979). Because of the absence of a final judgment by the district court, this court lacks jurisdiction to entertain the appeal.

Accordingly, we dismiss the appeal without prejudice and without reaching the issue of whether Lindell Trust has waived its right of appeal. We remand the cause to the district court for further proceedings.

Appeal dismissed and cause remanded.[4]

---

1. The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri.

2. 28 U.S.C. § 636(b)(3) (1976) provides:
   (3) A magistrate may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States.

3. 28 U.S.C. § 636(c) provides in pertinent part:
   (c) Notwithstanding any provision of law to the contrary—
   (1) Upon the consent of the parties, a full-time United States magistrate or a part-time United States magistrate who serves as a full-time judicial officer may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves. [28 U.S.C.A. § 636(c)(1) (1981).]

4. In *Duryea*, the district court referred the case to a magistrate as a special master under § 636(b)(2). The district court subsequently entered a final judgment on the magistrate's finding, but without considering the conclusions of law of the magistrate. This court remanded the case to the district court but retained jurisdiction of the appeal.
   In the instant case, by contrast, this court has no jurisdiction until the district court has

entered a final judgment. Therefore, we dismiss the appeal and remand the cause to the district court without retaining jurisdiction.