ITEN LEASING CO., a Minnesota corporation, Appellant,

v.

BURROUGHS CORPORATION, a Michigan corporation, Appellee.

No. 81–2323.

United States Court of Appeals, Eighth Circuit.

Submitted June 15, 1982.

Decided July 28, 1982.

James F. Finley, Alan W. Weinblatt, St. Paul, Minn., for appellant.

Joseph T. Dixon, Jr., Bruce C. Recher, Henson & Efron, P.A., Minneapolis, Minn., for appellee.

Before ROSS, Circuit Judge, HENLEY, Senior Circuit Judge, and STEVENS,* District Judge.

ROSS, Circuit Judge.

Iten Leasing Company (Iten) appeals a judgment of the district court [1] which failed to find Burroughs Corporation (Burroughs) liable for misrepresentation, fraud and breach of express warranty in the sale of a computerized accounting system to Iten but rather found Burroughs liable only for damages in regard to two devices sold as part of the system. We affirm.

On April 1, 1974, Iten purchased a Burroughs L–8500 accounting machine, internal memory for the system, a data-save device and a reader/feeder/stacker (R/F/S) attachment. Iten also purchased software support including an amortization and depreciation program, an accounts receivable program and standard Burroughs payroll and general ledger programs. In late June 1974, the L–8500 was delivered to Iten and Iten used the L–8500 for its payroll from July 1974 until July 1975 when it discontinued use of the equipment. During July, August and early September 1974, Burroughs delivered and installed the general ledger program and the billing and accounts receivable programs used by a Salt Lake City leasing company. In November 1974 the R/F/S attachment was delivered and installed.

On July 14, 1975, Iten notified Burroughs that it was discontinuing use of the accounting system due to numerous problems and demanded rescission of the contracts of sale.

The magistrate found that the R/F/S never worked satisfactorily and adjustments to the R/F/S worked only temporarily. The magistrate also found that the data-save device failed to operate properly except on two occasions and Burroughs was unable to correct the problem during the time the system was in use. The magistrate held that Burroughs knew or should have known that its representations as to the R/F/S and data-save device on which Iten relied were false. The magistrate held that these misrepresentations were material to the purchase of the R/F/S and data-save device but were not material to the purchase of the total accounting system. The magistrate recommended that Iten be awarded the cost of the R/F/S and data-save device plus an additional $400 for an amortization and depreciation schedule which Iten never received.

A. Review of the Magistrate's Recommendations

Iten contends that the district court erred in adopting the magistrate's conclusions of law without reviewing the trial transcript.

On August 1, 1979, the parties filed a stipulation that this case could be tried before the United States magistrate and the parties expressly waived their right to object to the magistrate's recommended order, agreeing that any appeal would be directly to this court. The district court accepted the stipulation and ordered that the case be tried before the magistrate. However, the district court indicated that although the parties' waiver of review by the district court of the findings of fact would be ordered, the parties would have the right to object to the magistrate's recommended conclusions of law and order of judgment. The district court apparently allowed review of the conclusions of law based on this court's opinion in *Duryea v. Third Northwestern National Bank*, 602 F.2d 809 (8th Cir. 1979). In *Duryea*, this court held that Rule 53(e)(4) of the Federal Rules of Civil Procedure allowed the parties to stipulate to the finality of the magistrate's findings of fact but that questions of

---

* The Honorable Joseph E. Stevens, Jr., United States District Judge for the Western and Eastern Districts of Missouri, sitting by designation.

1. Trial was held before United States Magistrate J. Earl Cudd. The recommendations of the magistrate were adopted and judgment was entered by the Honorable Harry H. MacLaughlin, United States District Judge for the District of Minnesota.

law should be reviewed by the district court. *Id.* at 810.[2]

Considering that the district court was only called upon to review the magistrate's recommended conclusions of law, we fail to see the relevancy of the trial transcript to the review of written conclusions of law. Iten has attempted to mischaracterize many issues of fact as issues of law. Iten is apparently trying to avoid the clear terms of the stipulation and the subsequent order of the district court. In any event, Iten's waiver of objection to the district court regarding the magistrate's findings of fact does not affect our review of those findings of fact under the clearly erroneous standard.

### B. Representations of Future Acts

▆▆ Iten concedes that the magistrate correctly stated the eleven elements necessary to prove fraud under Minnesota law as outlined in *Clements Auto Co. v. Service Bureau Corp.*, 444 F.2d 169, 175 (8th Cir. 1971). Iten contends, however, that the magistrate erred in finding that certain representations were representations of future acts rather than, as required under *Clements*, representations of "past or present fact." *Id.* at 175. The five representations Iten alleges were not regarding future acts are as follows:

1) Burroughs' representation that an in-house ledger card would provide a month-to-month profit analysis of each leased vehicle.

2) A representation that Iten would receive an amortization schedule.[3]

3) A representation that Burroughs would provide a flow chart and written instructions to Iten.[4]

4) A representation that Burroughs would support Iten's personnel to obtain an efficient operation of the equipment.

5) A representation that Burroughs' system would satisfy Iten's needs.

As to these representations, we have reviewed the record and hold that the factual findings of the magistrate as to "future acts" are not clearly erroneous. Other factual findings influence our review of these representations regarding future acts. The magistrate held that Iten's evidence failed to establish as false Burroughs' representation that its system would accomplish the objectives, needs and requirements of Iten. The evidence established that Burroughs had explained to Iten the difference between more expensive, custom programs and the package programs Iten chose to order. The magistrate found that both parties recognized that modifications to the package programs would be necessary, noting that Burroughs had successfully modified the programs. Although there was evidence which might support a finding that the representations regarding a profit figure, an amortization schedule, and general support of the system were representations of past or present fact, we cannot say that the magistrate's view of the evidence was clearly erroneous. It also is important that in each instance where the magistrate found a representation regarding a future act, he also held that there was no evidence that Burroughs did not intend to perform that representation at the time it was made. *See Northwestern State Bank v. Gangestad*, 289 N.W.2d 449, 453 (Minn.1979) and *Vandeputte v. Soderholm*, 298 Minn. 505, 216 N.W.2d 144, 147 (1974). This finding is also supported by the evidence.

---

2. The court in *Duryea v. Third Northwestern National Bank*, 602 F.2d 809 (8th Cir. 1979) also noted that legislation was pending which would enlarge the jurisdiction of the United States magistrates. *Id.* at 810 n.2. Such legislation was subsequently passed, and effective October 10, 1979, the parties by agreement may appeal the final judgment of the magistrate directly to the United States court of appeals. *See* 28 U.S.C. § 636(c)(3) and *Robinson v. Moreland*, 655 F.2d 887, 888 (8th Cir. 1981).

3. Although the magistrate found this representation to be regarding a future act, the magistrate did recommend that Iten be awarded $400, the cost of the amortization schedule, because it was never delivered.

4. The magistrate also found that it was unclear whether the representation regarding the flow chart was ever made and Iten failed to sustain its burden of proof as to this representation.

Iten also argues that this case is factually similar to the *Clements* case where this court found that a computer company had fraudulently misrepresented, as fact rather than as simple prediction, that their system " 'would constitute an effective and efficient tool to be used in inventory control.' " *Clements, supra*, 444 F.2d at 181. In contrast to *Clements*, however, the magistrate held that Iten failed to prove that Burroughs' representation that its system would accomplish Iten's objectives, needs and requirements was false.[5]

### C. Materiality of the Misrepresentations

■ Iten argues that the magistrate erred in determining that the misrepresentations regarding the data-save device and R/F/S were not material to the purchase of the accounting system, thus limiting Iten's damages to the cost of the R/F/S and data-save device. The determination of whether there has been a misrepresentation of a material fact is a factual question. *Strouth v. Wilkison*, 302 Minn. 297, 224 N.W.2d 511, 513 (1974). Minnesota law also limits damages for misrepresentations "to the actual out-of-pocket loss sustained by the plaintiff as a proximate result of the defendant's fraud and the purchaser's reliance thereon." *Id.* at 514.

The magistrate's memorandum made the following factual findings regarding materiality:

> Having found some of the representations to be false, it must be determined if they were material. Plaintiff operated defendant's system for several months before the R/F/S was delivered, and for several months after plaintiff ceased using the R/F/S because of its defects. When the data-save device failed, plaintiff at first was required to have defendant's service man restart the system and later, after instructions by defendant's employees, restart the machines themselves. Delay in each instance was brief.

> Plaintiff wanted to eliminate delay in obtaining financial information and to obtain hard copies of financial records, including individual leases.[6] While the R/F/S was an important factor in influencing plaintiff to decide to purchase the system, neither it nor the data-save device was at the heart of plaintiff's decision to undertake a new accounting system. Therefore, neither of the representations were material [to the purchase of the system] and plaintiff has failed to establish its claim for misrepresentation.

■ Iten argues that the R/F/S and data-save device cannot be separated from the system as a whole and any material misrepresentation affected the system as a whole. However, we do not believe the magistrate's findings are clearly erroneous. As the magistrate noted, Iten used the accounting system both before and after the R/F/S's failure. Additionally, the magistrate found that Burroughs' representation that the system would accomplish Iten's needs and objectives was not shown to be false. In view of these facts we do not find error in the magistrate's findings that the failure of the R/F/S and data-save device was not material to the system as a whole. Thus, the magistrate could properly limit damages to those proximately caused by the failure of the R/F/S and data-save device and award only the purchase price of the R/F/S and data-save device.

### D. Revocation of Acceptance

■ Iten contends that under Minn.Stat. § 336.2–608 its acceptance of the accounting system could be revoked. The Minnesota Supreme Court has stated the following:

---

5. It should be noted that one of Iten's major problems with the system was in regard to inaccurate age analyses and late charge calculations. The magistrate found that these inaccuracies were attributable to Iten's employees failing to properly record information, rather than problems with the system or Burroughs' training of the employees.

6. Prior to purchasing the Burroughs system Iten sent its accounting information to a Chicago firm and there was a 5–6 day delay before accounting reports were received by Iten from the firm.

Section 336.2–608 prescribes the following requirements for an effective revocation of acceptance: (1) the goods must be nonconforming; (2) the nonconformity must substantially impair the value of the goods to the buyer; (3) the buyer must have accepted the goods on the reasonable assumption that the nonconformity would be cured; (4) the nonconformity must not have been seasonably cured; (5) the buyer must notify the seller of his revocation; (6) revocation must occur within a reasonable time after the buyer discovers or should have discovered the ground for it and before any substantial change in condition of the goods which is not caused by their own defects; and (7) the buyer must take reasonable care of the goods for which he has revoked acceptance.

*Jacobs v. Rosemont Dodge-Winnebago South,* 310 N.W.2d 71, 76 (Minn.1981), quoting *Durfee v. Rod Baxter Imports,* 262 N.W.2d 349, 353 (Minn.1977).

The magistrate found that the failure of the R/F/S and data-save device did not substantially impair the value of the system and that the notice of revocation did not occur within a reasonable time. The same facts cited in part C of this opinion regarding materiality support the magistrate's finding regarding a lack of substantial impairment. Regarding the timeliness of the July 1975 revocation notice, the magistrate found that the last contact between the parties prior to the revocation was a phone call in early March 1975. During the phone call Iten's employee stated the system was in use and was performing more satisfactorily. Iten's employee made no request for further changes or corrections in the system. These facts are supported by the record and the findings of the magistrate regarding the timeliness of the revocation are not clearly erroneous.

Affirmed.