William C. TURNER, et al.,
Plaintiffs-Appellees,

Mae Chenier, et al., Plaintiffs-Appellants,

v.

Verne ORR, etc., et al.,
Defendants-Appellees.

No. 82-6075.

United States Court of Appeals,
Eleventh Circuit.

Jan. 3, 1984.

Algia R. Cooper, P.A., Pensacola, Fla., for plaintiffs-appellants.

Samuel A. Alter, Jr., Asst. U.S. Atty., Pensacola, Fla., for defendants-appellees.

Thomas A. Warren, Tallahassee, Fla., for plaintiff's Monitoring Committee.

David W. Kerber, HQ USAF/JACL, Robert S. Greenspan, Dept. of Justice, Mark W. Pennak, Civ. Div., Washington, D.C., for Secretary of the Airforce et al.

Before FAY and HENDERSON, Circuit Judges, and TUTTLE, Senior Circuit Judge.

TUTTLE, Senior Circuit Judge:

The sole issue in this appeal is whether a "special master" appointed pursuant to a consent judgment between the parties to a Title VII discrimination case was in essence an arbitrator whose decisions were intended to be final and to bind the parties, or was a special master under the terms of Fed.R. Civ.P. 53, which provides for review by the district judge of the special master's decisions. For the reasons set forth below we hold that the "special master" provided for in the consent judgment is indeed a Rule 53 special master. Therefore we reverse the district court's finding to the contrary.

## BACKGROUND

This action began on November 10, 1976, when the plaintiffs filed a class action complaint in the United States District Court for the Northern District of Florida alleging a pattern and practice of racial discrimination at Eglin Air Force Base, Florida. After a lengthy period of discovery and extensive negotiations, the parties entered a consent judgment to resolve the complaint of discrimination.

The consent judgment provides, among other things, for injunctive relief, the establishment of goals, the mandatory hiring of 100 class members, the promotion of 25 class members, and a $2,000,000 fund for the liquidation of damage claims of class members. Additionally, the parties provided that the plaintiffs, the Fort Walton Beach branch of the NAACP and the Progressive Community Improvement Organization, as class representatives, would establish a Plaintiffs' Monitoring Committee (PMC) to carry out a number of duties under the consent judgment, including making the initial determination of which individuals were members of the class and therefore entitled to the benefits of the settlement. The PMC was authorized to be represented by counsel of its choice in carrying out the judgment.

The consent judgment also provides for the appointment of a "special master" to resolve disputes that might arise under the terms of the judgment. The master's

duties and responsibilities are specifically described in the agreement. The parties were required to attempt to agree upon a particular special master, or absent such agreement, to have the district court appoint a master. Because no agreement was reached, the district court entered an order appointing a special master.

Under Section V of the consent judgment, entitled "Class Member Compensation," pertaining to distribution of the $2,000,000 damage fund, the PMC was required to make an initial determination that a person seeking a damage award was eligible to receive an award under the terms of the judgment. Following the determination of eligibility, the PMC was then required to apportion among the eligible class members damage awards according to a formula contained in the consent judgment. Once that was accomplished, the list of eligible class members and their proposed damage awards was to be forwarded to the special master for his approval. Class members were to be notified of the PMC's initial determination and they were allowed to object to these determinations of the PMC. The PMC in effect made two determinations, one that established which class members would be entitled to any relief under the consent judgment, and the second which established the amount of damages each of the eligible class members would receive. Because of this bifurcated decision-making process, the consent judgment provided that there would be two opportunities for class members to object to the initial PMC determinations.

The first opportunity involved only those persons whom the PMC determined were ineligible for any damage award. Notices were sent to these persons by the PMC giving them an opportunity to object to their exclusion from sharing in the damage award. A number of persons objected and

the special master conducted hearings on those objections. After the special master filed his rulings some of the disappointed class member claimants objected to his findings and attempted to appeal to the district court.

Counsel for the PMC filed a response to the objections to the special master's report alleging that the defendants and plaintiffs, parties to the consent judgment, intended the special master to act as an arbitrator, whose actions would be final, not as a special master pursuant to Fed.R.Civ.P. 53. They asserted that the district court had no jurisdiction to entertain the objections to the special master's report.[1] The Air Force and the individual government defendants, however, although not taking a position on the merits of the objectors'/appellants'[2] claims, responded to the PMC's brief by supporting the objectors'/appellants' position that the district court did have jurisdiction and was required to hear the objections to the special master's rulings pursuant to Rule 53.

The district court held a hearing on September 9, 1982 and on September 13, 1982 issued an order dismissing all of the appellants' objections to the district court for lack of jurisdiction. This decision that the rulings of the special master are final and unreviewable in the district court is the subject of this appeal.

## II. DISCUSSION

■ The district court appears to have based its finding that the special master provided for in the consent judgment was intended to be the equivalent of an arbitrator largely on the testimony of a lawyer for the original plaintiffs. The lawyer was present when the judgment was negotiated and he testified that the parties had discussed Rule 53, but had explicitly decided not to make their special master one ap-

---

1. The PMC later filed a supplemental brief admitting that if the special master was an arbitrator, the district court would have some power to review his findings, but that the scope of review would be limited to the issue of whether the special master engaged in fraud or misbehavior.

2. Objectors/appellants are the potential class members whose claims were rejected by the special master, and who have appealed. Not every potential class member whose claim was denied by the special master has appealed.

pointed under Rule 53. We hold that the district court's finding was clearly erroneous for the following reasons.

First, the district court erred in going outside the four corners of the consent judgment to find that what the judgment labelled a "special master" was instead an "arbitrator." The consent judgment uses the term "special master" repeatedly, and never uses the term "arbitrator." The term "special master" is fairly technical, and appears specifically in Rule 53. Therefore, it is logical to assume that, absent an explicit indication to the contrary, when the parties provided for a "special master" they intended a Rule 53 special master. This is so particularly because it is common practice for a court, in cases in which liability is found involving classwide discrimination, to appoint a special master pursuant to Rule 53 to aid the court in fashioning both individual and classwide relief. *See, e.g., Kyriazi v. Western Electric Co.,* 527 F.Supp. 18 (D.N.J.1981); *United States v. City of Parma,* 504 F.Supp. 913 (N.D.Ohio 1980); *Hart v. Community School Bd. of Brooklyn,* 383 F.Supp. 699 (E.D.N.Y.1974). Moreover, there is nothing in the consent judgment that suggests the special master is an arbitrator, or that his duties are to vary from those of a normal Rule 53 special master. The PMC makes several unpersuasive arguments to the contrary.

First, the PMC directs our attention to two paragraphs of the consent judgment in which the parties explicitly spelled out certain rights of appeal for decisions of the special master.[3] In paragraph four, Section IX of the judgment, the parties incorporated the right to appeal any decision of the special master (pertaining to his duties in that paragraph) to the district court, and further provided that "all other rights to appeal are preserved." The next paragraph also provides for review by the district court of the special master's decisions, but specifically waives "all further rights of appeal."

The PMC argues that the specific provisions regarding appeal in paragraphs four and five, section IX, prove that in all other sections of the judgment involving the special master the parties intended that there be no appeal. We believe an equally plausible explanation of the two paragraphs is that the drafters wanted to waive their "further rights" to appeal in paragraph five,[4] but did not want there to be any confusion about the fact that no rights were being waived in paragraph four. Moreover, if we accept the PMC's argument that except for these two paragraphs, the parties intended that there be no appeal from the special master's decisions, we

---

**3.** The two paragraphs provide:

4. All class members wishing to present complaints of judgment violations shall contact the Plaintiffs' Monitoring Committee. The Committee shall inquire into such complaints in the manner described in paragraph 3 above. If the Committee, in consultation with counsel, is of the opinion that the complaint merits presentation before the Special Master the complaint shall be presented to the Special Master. The Special Master shall have plenary authority to determine the procedures to be used in resolving such complaints by the class members. In the event that the Special Master determines that a violation of the judgment has occurred, he shall be authorized to order all appropriate relief therefor, including the award of costs and attorney's fees. The parties shall have the right to appeal any such decision to the United States District Court for the Northern District of Florida, and all other rights to appeal are preserved.

5. Complaints by an Eglin employee of racial discrimination or retaliation arising between January 9, 1976 and the date of the judgment approval by the Court, not otherwise timely filed in any administrative or judicial forum, as of the date of judgment approval by the Court, may be presented pursuant to the procedures in paragraph 4, above, and the Defendants hereby waive all defenses of timeliness with respect to such complaints. The adjudication of complaints described in this paragraph shall be made by the Special Master with the right of review by the district court, and all further rights of appeal are hereby waived.

**4.** Although Fed.R.Civ.P. 53 grants the parties certain rights of appeal from a special master's decision, the parties are free to agree to waive some of those rights. *See Iten Leasing Co. v. Burroughs Corp.,* 684 F.2d 573, 574 (8th Cir. 1982); *Duryea v. Third Northwestern National Bank,* 602 F.2d 809 (8th Cir.1979).

would have to find that the waiver language of paragraph five is surplusage, because that language would waive a right the PMC claims would not exist if the paragraph simply remained silent about the matter. Therefore, we believe paragraph five refers to a waiver of some of the specific rights of appeal guaranteed by Rule 53. Finally, we note that the vaguely worded "other rights to appeal" preserved in paragraph four, implies a *right* to appeal, without stating the source or scope of that right. Because that right is not delineated in the consent judgment itself, we believe the drafters were referring to Rule 53 as the source and scope of the right. Thus, at best, we find that the paragraphs cited by the PMC are ambiguous as to the intent of the parties with regard to Rule 53.

 The PMC also argues that the district court's order appointing the special master fails to refer to Rule 53. Rule 53, however, does not require a specific reference to the rule for it to apply. Finally, the PMC claims that the district court's order appointing the special master was not a Rule 53 order because it did not, as a "normal" Rule 53 appointment would, describe the special master's duties and powers. *See* Fed.R.Civ.P. 53(c). The PMC, however, notes that when the parties "created the role of the 'special master' . . . [they] specifically established [his] duties and responsibilities." Thus, the district court's order appointing the special master adequately described the master's powers for Rule 53 purposes by stating that the special master was "to perform all duties and functions authorized and required by the Consent Judgment of January 12, 1981." The district court was not required in its order to describe in detail the duties carefully set forth in the judgment.

The district court's second error was to assign significant weight to the testimony of William D. Wells, an attorney for plaintiffs, who stated that the parties had discussed Rule 53 and had ultimately decided against using a Rule 53 special master because they wanted to expedite the settlement. Mr. Wells testified that the parties

intended for the "special master" to be akin to an arbitrator. Mr. Wells' testimony is not credible, however, because he himself had at least on one occasion appealed a ruling of the special master to the district court, and the district court had ruled on the merits of that appeal. On that occasion, Mr. Wells began his motion, entitled "Notice Of Objection To And Appeal From Order Of The Special Master," by stating "COMES NOW the Plaintiffs, through their undersigned counsel, *pursuant to Rule 53(a)(2),* Federal Rules of Civil Procedures [sic] and hereby files this their objection to and appeal from the attached Order of the Special Master . . . ." (emphasis added). We believe this document speaks for itself as to Mr. Wells's understanding of the parties' intent in the consent judgment. Moreover, we note that the record is full of instances in which various parties appealed the special master's decisions to the district court and in which the district court considered the merits of those appeals prior to the time that the appellants in this case were told that they had no such right to appeal the special master's findings.

The district court also erred when it seemingly ignored the position of the defendants in this case, who were parties to the consent judgment and whose intentions are therefore at least as relevant as those of Mr. Wells to the construction of the judgment. Both in the district court and on this appeal the defendants, although technically appellees in this case, have argued that the special master provided for in the consent judgment is indeed a Rule 53 special master. Thus, even if Mr. Wells, the plaintiffs, and the PMC intended that Rule 53 not apply, it is clear that not all parties to the consent judgment shared the same intent, and the district court's finding is therefore clearly erroneous.

 Finally, the district court failed to give sufficient weight to the policy implicit in Fed.R.Civ.P. 23, which governs class actions, that places a special responsibility on the district court to protect potential class members and ensure that they receive the due process to which they are entitled. *See,*

e.g., *In Re Nissan Motor Corp. Antitrust Litigation,* 552 F.2d 1088, 1098 (5th Cir. 1977) (appellate review necessary to assure rights of absentee class members are not "inundated in the wake of a district court's brisk supervision"). Although Rule 23 does not mean that the parties were prohibited from providing in a consent judgment for the arbitrator type arrangement that the PMC urges was intended in this case, it does mean that in cases of doubt about the clear meaning of such an agreement, and particularly when the agreement uses the term "special master," the courts should construe the judgment to provide for the kind of appeal allowed by Rule 53.

For the reasons stated above, we hold that the district court's judgment was clearly erroneous, and we REVERSE and REMAND for further proceedings not inconsistent with this opinion.

FAY, Circuit Judge, concurring specially:

I join in those portions of the majority opinion dealing with the provisions of the consent judgment, the order appointing the special master and the applicability of Rule 53. I concur in the result.