Edward BRUE, Petitioner-Appellant,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Respondent-Appellee.

No. 82–3652

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

July 18, 1983.

**67.** *Anderson,* —— U.S. at —— n. 9, 103 S.Ct. at 1570 n. 9, 75 L.Ed.2d at 557 n. 9.

Edward Brue, Sr., pro se.

James S. Lemelle, Asst. U.S. Atty., Baton Rouge, La., Charlene M. DeBolt Seifert, Dallas, Tex., for respondent-appellee.

Before BROWN, REAVLEY and JOLLY, Circuit Judges.

PER CURIAM:

Petitioner Edward Brue, a prisoner incarcerated at Dixon Correctional Institute in Jackson, Louisiana, filed a claim for social security disability benefits on the basis of various numerous handicaps and ailments. The ALJ rejected his claim on the merits, finding no disability, and the Appeals Board affirmed. Brue then filed this suit for review·pursuant to 42 U.S.C. § 405(g). The district judge referred the case to the United States Magistrate. Because under 42 U.S.C. § 423(f)(1), no monthly benefits may be paid to an individual while that individual is confined in a correctional facility, the magistrate recommended that the suit be dismissed as premature. The district judge adopted that recommendation over no objection and dismissed the suit without prejudice. Because we find that the suit was not premature,[1] we vacate and remand.

Section 423(f)(1) provides:

(f) **Suspension of benefits for inmates of penal institutions**

(1) Notwithstanding any other provision of this subchapter, no monthly benefits shall be paid under this section, or under section 402(d) of this title by reason of being under a disability, to any individual for any month during which such individual is confined in a jail, prison, or other penal institution or correctional facility, pursuant to his conviction

---

1. The magistrate's report states:

\* \* \* \* \* \*

Plaintiff may not receive disability benefits unless and until he is released from prison. Therefore, this suit is premature. Since the suit is not yet "ripe" for adjudication the court should take judicial notice and dismiss it on its own motion.

"... a federal court has neither the power to render advisory opinions nor 'to decide questions that cannot affect the rights of litigants in the case before them.' Its judgments must resolve 'a real and substantial controversy admitting of specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of fact.'" *Preiser v. Newkirk,* 422 U.S. 395, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975) quoting *North Carolina v. Rice,* 404 U.S. 244, 92 S.Ct. 402, 30 L.Ed.2d 413.

RECOMMENDATION

It is my recommendation that plaintiff's suit be dismissed without prejudice upon the court's own motion.

of an offense which constituted a felony under applicable law, unless such individual is actively and satisfactorily participating in a rehabilitation program which has been specifically approved for such individual by a court of law and, as determined by the Secretary, is expected to result in such individual being able to engage in substantial gainful activity upon release and within a reasonable time.

 Our research has discovered no case considering whether the district court may entertain a prisoner's suit for review of the Secretary's determination of non-disability. Nor is the legislative history of § 423(f)(1) instructive on this issue. By its language, however, § 423(f) is concerned only with the suspension of payment of benefits to prisoners. It does not preclude a court from determining whether a prisoner is disabled within the meaning of the Social Security Act and thus entitled to benefits upon his release. Moreover, the issue directly before the district court was whether the Secretary correctly decided that Brue was not disabled within the meaning of the Act. While the court's decision could not actually award benefits to Brue, it could nevertheless affect his substantive rights and decide an actual controversy under the Act. 42 U.S.C. § 405(g), which provides for judicial review of the Secretary's determinations under the Act, states, "Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such a decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow." The Secretary's decision was that Brue did not have a disability under the Social Security Act. Under § 405(g), Brue is entitled to judicial review of that determination.[2]

 Brue's right to review is not prejudiced by his failure to object to the magistrate's recommendation. The magistrate's report, adopted by the district court, contains no factual findings. Even if it had, however, as in *Deloney v. Estelle*, 679 F.2d 372, 373 (5th Cir.1982), Brue "was not advised ... of the basic consequence attending failure to make objection: waiver of the right to attack the factual findings on appeal. This also is required." *See Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. 1982) (en banc).

VACATED AND REMANDED.

---

2. We emphasize that our opinion today serves simply to vacate the court's dismissal and to reinstate petitioner's suit. We leave to the sound discretion of the trial judge the initial decision whether to proceed with the case or to postpone the trial until Brue's release from prison. In making that decision, the trial court may take into account the expense of transporting Brue from prison and guarding him during trial, as well as the possibility that Brue's condition might improve or deteriorate between the time of trial and the time of his release from incarceration.