Henry HUDSON, Plaintiff-Appellant,

v.

NABISCO BRANDS, INC.,
Defendant-Appellee.

No. 84–1133.

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 7, 1984.

Decided April 4, 1985.

As Amended April 9, 1985.

William E. Elston, Jr., Chicago, Ill., for plaintiff-appellant.

Georgeanne Tilson, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for defendant-appellee.

Before FLAUM, Circuit Judge, and PELL and WISDOM,* Senior Circuit Judges.

PELL, Senior Circuit Judge.

Appellant, Henry Hudson, plaintiff below, appeals from a judgment of the district court granting costs in the amount of $831.30 to appellee, Nabisco Brands, Inc., pursuant to appellee's motion to assess costs. The district court previously had entered summary judgment in favor of appellee. The sole issue raised by appellant is whether the district court abused its discretion in assessing in favor of appellee the costs associated with appellant's deposition. The district court entered its costs order after referring the matter to a magistrate, acting as a special master, who entered an order granting appellee's motion. Appellee contends that appellant waived his right to have this court address the merits of the costs award by failing to file written objections to the magistrate's order.

## I. THE FACTS

Appellee discharged appellant, an eighteen-year employee, on January 14, 1981. Appellant's union filed a grievance protesting appellant's dismissal, but, when that procedure failed to reach a favorable resolution, the union voted, in late April or early May of 1981, not to take the grievance to arbitration. Appellant learned of this vote on the day it occurred. Shortly thereafter, appellant retained counsel, who did not file this suit until May 18, 1982.

The suit alleged wrongful discharge on the part of appellee and a breach of the duty of fair representation by the union and several of its officers. Labor-Management Relations Act of 1947 § 301, 29 U.S.C. § 185. On August 30 and September 17, 1982, appellee deposed appellant, the transcript of which encompasses three hundred fifty pages. Several months later, appellee filed a motion for summary judgment based upon statute-of-limitations grounds. The district court granted appellee's motion on March 25, 1983.

Appellee subsequently filed a motion to assess $881.30 as costs against appellant, an amount equal to the charges incurred by appellee in obtaining the original transcript of appellant's deposition. Appellee did not seek to have the cost of duplicate tran-

---

* John Minor Wisdom, Senior Circuit Judge for the Fifth Circuit, is sitting by designation.

scripts assessed. The district court then referred the matter of costs to a magistrate "as a Special Master subject to the provisions of 28 U.S.C. § 636(b)(2) and Rule 53 [Federal Rules of Civil Procedure], [to] prepare a report and recommendation of motion to assess costs."

Section 636(b)(2) provides:

A judge may designate a magistrate to serve as a special master pursuant to the applicable provisions of this title and the Federal Rules of Civil Procedure for the United States district courts. A judge may designate a magistrate to serve as a special master in any civil case, upon consent of the parties, without regard to the provisions of rule 53(b) of the Federal Rules of Civil Procedure for the United States district courts.

28 U.S.C. § 636(b)(2). Rule 53 of the Federal Rules, entitled "Masters," delineates the powers and duties of the special master as well as the procedures with which the parties must comply in a proceeding before a master. Among other provisions, the rule states: "In an action to be tried without a jury the court shall accept the master's findings of facts unless clearly erroneous. Within 10 days after being served with notice of the filing of the report any party may serve written objections thereto upon the other parties." Fed.R.Civ.P. 53(e)(2).

After a number of hearings and submission of memoranda, the magistrate, in a minute order, granted appellee's motion to assess costs to the extent of $831.30 and returned the cause to the district court. Appellant filed no objections to the magistrate's order. Three weeks later, the district court entered the following minute order: "Pursuant to the Magistrate's order dated December 5, 1983, costs [are] assessed in favor of defendant Nabisco Brands, Inc. and against the plaintiff, Henry Hudson in the amount of $831.30." Neither the magistrate nor the district court explained why the award was for $831.30 while appellee's motion sought $881.30. Appellant appeals from the judgment entered pursuant to the district court's order.

## II. CONTENTIONS OF THE PARTIES

Appellant's principal claim on appeal is that an extensive deposition of appellant was not "reasonable and necessary to properly prepare" appellant's case. Therefore, appellant argues, the costs connected with the deposition should not be assessable. The sources of appellant's "reasonable and necessary" requirement for the award of deposition costs are the general costs statute, 28 U.S.C. § 1920, and cases such as *SCA Services, Inc. v. Lucky Stores*, 599 F.2d 178, 180 (7th Cir.1979). Appellant claims that the deposition was not necessary because the appellee could derive from the face of the complaint all the information that it used to make its motion for summary judgment. Appellant does acknowledge that the district court's consideration of the summary judgment motion preceded the Supreme Court's decision in *Del Costello v. International Brotherhood of Teamsters*, which, resolving a great divergence of judicial authority, set six months as the appropriate statute of limitations for most section 301 suits. 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983).

Appellee's response on the merits contends that the district court's decision to award costs was not an abuse of discretion. Appellee also claims that, although references to plaintiff's deposition were not extensive in the motion for summary judgment, nonetheless the deposition was reasonably necessary to the preparation of the motion. Appellee notes that appellant's deposition revealed information that established the untimeliness of the complaint, despite the fact that the complaint stated a cause of action on its face. In particular, although the complaint did not refer to the time when appellant became aware that the union had decided not to pursue his case to arbitration, the deposition disclosed this information, which was necessary for the success of the summary judgment motion. Additionally, appellee notes that the deposition helped to assure counsel that appellant would have no grounds upon which to base a claim of equitable tolling. Finally, appellee contends that a deposition of a party

plaintiff is always essential to the preparation of a defense.

Prior to reaching the merits, however, appellee asserts that appellant waived his right to contest the costs award by failing to file objections to the magistrate's order granting costs. Appellee alleges that both rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636 required appellant to file written objections to the magistrate's proposal within ten days. Thus, the argument goes, the failure to file objections waives the right to appeal the subsequent district court judgment adopting the magistrate's recommendations. The basis for the waiver argument, adopted to varying extents by most courts of appeals with respect to references to magistrates under section 636(b)(1) but one of first impression in this circuit, is found mainly in the efficiency goal underlying the Magistrate's Act; that is, to relieve the litigation burden on the federal district courts. Appellee argues that, if the district court must undertake an independent analysis of the entire case even in the absence of objections, then most of the timesaving benefits from using a magistrate would be lost.

Appellant's initial brief did not anticipate the waiver argument, and he chose not to file a reply brief. In oral argument, appellant contended that the waiver rule was inapplicable to this case. He noted that rule 72(b) and section 636 both refer to objections to a magistrate's *recommendations* or *proposed* findings. In this case, the magistrate denominated his disposition of the motion for costs as an *order*. The entire order, except for a provision returning the case to the district court judge, stated: "Defendant Nabisco Brands, Inc.'s motion to assess costs is granted in the amount of $831.30." The district court then entered an order adopting the magistrate's order. Because the magistrate denominated his disposition as an order, appellant makes the semantic argument that the provisions relating to objections to a magistrate's recommendations or proposed findings are inapplicable.

## III. WAIVER OF OBJECTIONS

Appellee bases its waiver argument upon rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636. The title of rule 72 is "Magistrates, Pretrial Matters." The rule was adopted effective August 1, 1983, while the issue of costs was still before the magistrate. The only portion of rule 72 set out by appellee in its brief states:

The magistrate shall enter into the record a recommendation for disposition of the matter, including proposed findings of fact when appropriate. The clerk shall forthwith mail copies to all parties.

A party objecting to the recommended disposition of the matter shall promptly arrange for the transcription of the record, or portions of it as all parties may agree upon or the magistrate deems sufficient, unless the district judge otherwise directs. Within 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations. A party may respond to another party's objections within 10 days after being served with a copy thereof. The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate with instructions.

Fed.R.Civ.P. 72(b). The first sentence of rule 72(b), not included in the portion quoted by appellee, however, refers to "a magistrate assigned without consent of the parties to hear a pretrial matter dispositive of a claim or defense." It is obvious from this sentence, as well as the title of the rule, that section (b) only applies to *pretrial* matters.

In the present case, the district court had already disposed of the substan-

tive claim before reference of the costs issue to the magistrate, as is normally true whenever the question of costs arises. Thus, because appellee's motion for costs was not a "pretrial matter," rule 72(b) does not apply to this case.

All of the cases cited by appellee with respect to the waiver issue construe 28 U.S.C. § 636(b)(1), which states, in part:

Notwithstanding any provision of law to the contrary—

[A] a judge may designate a magistrate to hear and determine any pretrial matter pending before the court.... A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.

. . . .

Within ten days after being served with a copy, any party may serve and file written objection to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

Appellee correctly notes that a majority of the courts of appeals have determined that failure to file written objections within ten days waives a party's right to object to the magistrate's proposed findings and recommendations. These rulings, however, have taken a variety of approaches. Some courts have established an absolute rule of waiver with respect to any issue arising from the magistrate's report to which objection is not made, *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir.1984), *cert. denied*, —— U.S. ——, 104 S.Ct. 2395, 81 L.Ed.2d 352; *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir.1980); *John B. Hull, Inc. v. Waterbury Petroleum Products, Inc.*, 588 F.2d 24, 29–30 (2d Cir.1978), *cert. denied*, 440 U.S. 960, 99 S.Ct. 1502, 59 L.Ed.2d 773 (1979); *see also Camby v. Davis*, 718 F.2d 198, 200 n. 2 (4th Cir.1983) (dicta discussing waiver

rule), while other courts condition any waiver upon a finding that the magistrate specifically admonished the parties that failure to file objections would constitute a waiver, *Siers v. Morrash*, 700 F.2d 113, 116 (3d Cir.1983) (at least with respect to pro se litigants); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir.1982) (en banc), *on remand*, 677 F.2d 410 (5th Cir.1982); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir.1981). Some courts hold that waiver applies only to issues of fact; thus, a party cannot waive a magistrate's incorrect application of the law even if the party fails to object. *Brue v. Heckler*, 709 F.2d 937, 939 (5th Cir.1983) (alternative holding); *Britt v. Simi Valley Unified School District*, 708 F.2d 452, 454–55 (9th Cir.1983). *See also Moawad v. Childs*, 673 F.2d 850, 851 (5th Cir.1982) (pro se litigant "cannot be held to have waived an issue raised in his pleadings that is not covered in the magistrate's findings or recommendations"). Furthermore, the Eighth Circuit has rejected the waiver rule, at least to some extent, in *Messimer v. Lockhart*, 702 F.2d 729, 730–31 (8th Cir.1983), which holds that a party cannot waive a question of law, but leaves open the questions whether the no-waiver rule would apply to an issue of purely historical fact and whether, in such a case, the magistrate must inform the parties that failure to file objections will result in waiver. *Accord Lorin Corp. v. Goto & Co.*, 700 F.2d 1202, 1207 (8th Cir.1983). *Cf. Iten Leasing Co. v. Burroughs Corp.*, 684 F.2d 573, 575 (8th Cir.1982) (parties' stipulated waiver of district court review of magistrate's factual findings does not preclude court of appeals' review of those findings under a clearly erroneous standard). This court has not yet addressed the waiver question.

 Nor need we decide the issue in the present case. As previously noted, all of the cases cited above were based upon section 636(b)(1). The district court in this case explicitly based its reference of the costs issue to the magistrate upon section 636(b)(2). While subsection (b)(1) contains a ten-day rule for filing objections, subsec-

tion (b)(2) contains no similar provision. Inclusion of the provision in the former subsection clearly indicates Congressional awareness of the waiver problem. Consequently, we will not judicially engraft a similar provision onto subsection (b)(2), especially in light of the absence of any indication in the legislative history that Congress intended such a result. The broad efficiency goals of the Magistrate's Act are not enough to manufacture a provision that is not in the statute. Thus, we conclude that the ten-day rule does not apply to cases referred to a magistrate under section 636(b)(2), and, therefore, we hold that appellant has not waived his right to appeal from the merits of the district court's order granting appellee's motion to assess costs.

We express no opinion about either the efficacy of the various waiver rules adopted by the other courts of appeals or appellant's semantic argument that a magistrate's "order" is not a recommendation for purposes of district court review under the Magistrate's Act.

## IV. THE MERITS

Appellant contends that the district court abused its discretion by adopting the magistrate's order granting the motion to assess costs. Rule 54(d) of the Federal Rules of Civil Procedure provides, in pertinent part, that "costs shall be allowed as of course to the prevailing party unless the district court otherwise directs." There is no dispute that, when a district court grants a party's motion for summary judgment, that litigant is a "prevailing party" for purposes of the rule. *See, e.g., IAP, Inc. v. Mercedes-Benz of North America*, 571 F.Supp. 262, 269 (D.N.J.1983).

■ Although a district court's award of costs is a subject entrusted to the exercise of its discretion, that discretion is not without limits. *SCA Services, Inc. v. Lucky Stores*, 599 F.2d at 180. As the Supreme Court has stated,

We do not read that Rule as giving district judges discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the

conduct of his case. Items proposed by winning parties as costs should always be given careful scrutiny.... Therefore, the discretion given district judges to tax costs should be sparingly exercised *with reference to expenses not specifically allowed by statute.*

*Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 235, 85 S.Ct. 411, 416, 13 L.Ed.2d 248 (1964) (emphasis added). With respect to those costs "specifically allowed by statute," on the other hand, we have held that rule 54 creates a presumption that the prevailing party will receive costs and that, to rebut this presumption, the losing party must demonstrate something more than his good faith conduct in the litigation. *Popeil Brothers, Inc. v. Schick Electric, Inc.*, 516 F.2d 772, 775–76 (7th Cir.1975). *See Gardner v. Southern Railway Systems*, 675 F.2d 949, 954 (7th Cir.1982). In general, to overcome the presumption in favor of a grant of costs, the losing party must demonstrate that "there has been some fault, misconduct, default, or action worthy of penalty on the party of the prevailing side." *Delta Air Lines v. Colbert*, 692 F.2d 489, 490 (7th Cir.1982).

■ The statutory basis for the award of costs in the present case is the general costs statute in the United States Code, 28 U.S.C. § 1920. That statute provides, in part: "A judge or clerk of any court of the United States may tax as costs ... [f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Appellant does not claim, nor has any litigant successfully argued, that deposition transcripts are not included in the term "stenographic transcript." *Cf. United States v. Kolesar*, 313 F.2d 835, 837–38 (5th Cir.1963); *Esler v. Safeway Stores, Inc.*, 77 F.R.D. 479, 482 (D.Mo. 1978). Thus, the term "court reporter" in section 1920(2) applies to stenographers other than and in addition to the official court reporters assigned to a particular courtroom. *See Wahl v. Carrier Manufacturing Co.*, 511 F.2d 209, 217 (7th Cir. 1975); *United States v. Kolesar*, 313 F.2d

at 838. *See also* 28 U.S.C. § 753. There-fore, the costs related to depositions may fall within section 1920(2). *Ramos v. Lamm,* 713 F.2d 546 (10th Cir.1983).

■ The crux of appellant's claim is that the deposition was not "necessarily ob-tained for use in the case" and, thus, was not a recoverable cost. The question whether a deposition was necessarily ob-tained for use in a case has been the sub-ject of considerable controversy. Despite some authority to the contrary, *Johnson v. Baltimore & O. Railroad,* 65 F.R.D. 661, 674 (N.D.Ind.1974), *aff'd,* 528 F.2d 1313 (7th Cir.1976) (costs issue not raised on appeal), the generally accepted view, and the one adopted by this circuit, is that introduction of a deposition at trial is not a prerequisite for finding that it was neces-sary to take the deposition. *State of Illi-nois v. Sangamo Construction Co.,* 657 F.2d 855, 867 (7th Cir.1981); *SCA Services, Inc. v. Lucky Stores,* 599 F.2d at 180; *Wahl v. Carrier Manufacturing Co.,* 511 F.2d at 217; *Mashak v. Hacker,* 303 F.2d 526, 527 (7th Cir.1962) (per curiam) (affirm-ing award of costs "incident to the taking of a deposition even though subsequent to the taking the case [was] dismissed for lack of jurisdiction"). *Accord In re Air Crash Disaster at John F. Kennedy Internation-al Airport on June 24, 1975,* 687 F.2d 626, 631 (2d Cir.1982) (section 1920 "requires only use 'in the case,' rather than use 'at the trial' "); *Allen v. United States Steel Co.,* 665 F.2d 689, 697 (5th Cir.1982).

■ The determination of necessity must be made in light of the facts known at the time of the deposition, without re-gard to intervening developments that later render the deposition unneeded for further use. *Copper Liquor, Inc. v. Adolph Coors Co.,* 684 F.2d 1087, 1099 (5th Cir.1982) (dic-ta), *reheard en banc on separate issue,* 701 F.2d 522 (5th Cir.1983) (per curiam); *Raio v. American Airlines, Inc.,* 102 F.R.D. 608, 611 (E.D.Pa.1984); *Independ-ence Tube Corp. v. Copperweld Corp.,* 543 F.Supp. 706, 717, 718 (N.D.Ill.1982), *aff'd,* 691 F.2d 310 (7th Cir.1982) (costs issue not raised on appeal), *rev'd,* —— U.S. ——, 104

S.Ct. 2731, 81 L.Ed.2d 628 (1984). Even the costs related to discovery depositions may be assessed, *Bailey v. Meister Brau, Inc.,* 535 F.2d 982, 996 (7th Cir.1976), pro-vided that the deposition is not merely for the convenience of the attorney, *Newman v. A.E. Staley Manufacturing Co.,* 648 F.2d 330, 337 (5th Cir.1981) (dicta), or pure-ly investigative in nature, *Koppinger v. Cullen-Schiltz & Associates,* 513 F.2d 901, 911 (8th Cir.1975). Finally, the fact that a court disposes of a case at the summary judgment stage is no impediment to an award of costs, provided that they were otherwise reasonably necessary for use in the case. *Jeffries v. Georgia Residential Finance Authority,* 90 F.R.D. 62, 63–64 (N.D.Ga.1981); *Brown v. Inter-Ocean In-surance Co.,* 438 F.Supp. 951, 955 (N.D.Ga. 1977); *Fleischer v. A.A.P. Inc.,* 36 F.R.D. 31 (S.D.N.Y.1964). *See also Kaimowitz v. Howard,* 547 F.Supp. 1345, 1353 (E.D.Mich. 1982) (directed verdict).

■ One difficulty in the present case is that neither the magistrate nor the dis-trict judge included in his order any find-ings of fact. The district courts would facilitate orderly appellate review if they included findings of fact in their orders granting costs. Nonetheless, undoubtedly in light of the presumption established by rule 54(d), the courts have held that costs awards related to the original transcript of a deposition need no underlying factual findings. *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.,* 713 F.2d 128, 133 (5th Cir.1983); *Fey v. Walston & Co.,* 493 F.2d 1036, 1056 (7th Cir.1974); *Indepen-dent Iron Workers, Inc. v. United States Steel Co.,* 322 F.2d 656, 678 (9th Cir.1963), *cert. denied,* 375 U.S. 922, 84 S.Ct. 267, 11 L.Ed.2d 165. *See also Lenard v. Argento,* 699 F.2d 874, 900 (7th Cir.1983) (affirming deposition costs award despite district court's failure to indicate the statutory ba-sis therefor), *cert. denied,* —— U.S. ——, 104 S.Ct. 69, 78 L.Ed.2d 84. Thus, only when a district court denies costs to a prevailing party is an articulation "neces-sary in order for us to perform our appel-late review function." *Pearlstine v. Unit-*

*ed States*, 649 F.2d 194, 199 (3d Cir.1981) (per curiam). Furthermore, in the present case, there is essentially no dispute about the facts relative to the summary judgment motion.

 At the time of the deposition, the Supreme Court had not yet decided *Del Costello*, which adopted a six-month statute of limitations in most section 301 suits. Prior to that decision, there was some local authority that a limitations period as long as ten years would apply to such cases. *See King v. Corn Products*, 538 F.Supp. 569 (N.D.Ill.1982). Consequently, it was not clear what statute of limitations would apply. Therefore, appellee acted prudently by taking appellant's deposition, and the deposition was reasonably necessary in light of the circumstances known to appellee at the time of the deposition. We conclude that the district court did not abuse its discretion when it entered the order granting costs.

Furthermore, we would have difficulty accepting appellant's argument even if it had been obvious that a six-month statute of limitations applied. Nothing in appellant's complaint indicated when he received notice that the union would not press his claim in arbitration. Such notice is relevant to the question when the limitations period begins to run. Appellee could derive information concerning notice only through discovery. By taking the deposition, appellee also derived information to respond to any equitable tolling argument that appellant might have raised. Therefore, the deposition was necessarily obtained for use in the case, and the district court did not abuse its discretion by awarding the attendant costs to appellee.

If, as appellant contends, appellee could have moved for summary judgment, or, more accurately, moved to dismiss, based solely upon the complaint and without even deposing appellant, then appellant also should have determined that his suit was time-barred and should never have filed the case. We have demonstrated that the time bar was not as obvious as appellant now claims. Even if it were, however, appel-

lant's suit would then have been little more than a strike suit, and thus he should bear whatever reasonably necessary costs that appellee incurred in obtaining dismissal of the case. We can conceive of few, if any, situations in which a defendant's costs from taking a plaintiff's deposition in a private suit between individual litigants would not be reasonably necessary for use in the case. If a case is so meritless that it is unnecessary to depose the claimant, then there is strong support for requiring the claimant to bear the financial burden of having brought the case.

 Finally, appellant argues that it is inequitable and would chill private actions for the enforcement of federal laws to impose costs against individuals and in favor of large corporations. Although one district court has refused to allow costs based upon a similar argument, *Schaulis v. CTB/McGraw-Hill, Inc.*, 496 F.Supp. 666, 680 (N.D.Cal.1980), a general rule that disparate wherewithal alone would defeat a claim for costs would upset the dictates of rule 54(d) that costs be allowed "unless the court otherwise directs." This is the type of discretionary ruling to which appellate courts should give "virtually complete" deference. *See Piper Aircraft Corp. v. Wag-Aero, Inc.*, 741 F.2d 925, 937 (7th Cir. 1984) (Posner, J., concurring). Furthermore, we note that the court in *Schaulis* based its refusal to award costs, in part, upon the fact that the case was vigorously litigated. Appellant cannot claim the same thing with respect to this case in light of the fact that the failure timely to file the case has precluded any court from ever addressing the merits of appellant's underlying claim. Consequently, we refuse to upset the district court's discretionary decision to reject appellant's equitable argument.

## CONCLUSION

The judgment of the district court pursuant to its order granting appellee's motion to assess costs is

AFFIRMED.

FLAUM, Circuit Judge, concurring.

I concur fully in the court's affirmance of the assessment of costs against the appellant, and in the threshold decision not to find appellant's objections to the magistrate's "order" to be waived. Although I therefore would also reach the merits of the costs issue in this case, I do not accept the majority's premise that section 636(b)(2) of the Federal Magistrates Act, 28 U.S.C. §§ 631–39 (1982) ("Magistrates Act"), bars us from ever finding that a party has waived its objections to the report of a magistrate acting as a special master by failing to bring these objections before the district court. Rather, I conclude that the Magistrates Act does not restrict our authority to adopt an appellate waiver rule, and would decline to formulate such a rule in this case because the motion for costs was not properly handled as a referral to a special master under section 636(b)(2). Because I believe that the majority's analysis of the waiver question unduly restricts our authority in an important area of judicial administration, I write separately on this question.

The majority's conclusion that subsection (b)(2) of section 636 precludes an appellate finding of waiver, while subsection (b)(1) allows it, in my opinion proceeds from a misreading of section 636(b) in general. Because of the substantial complexity and ambiguity of that section, I begin with a discussion of its history and structure. Section 636(b) as it stands today is largely the product of 1976 amendments to the Magistrates Act that significantly expanded the scope of district judges' authority to refer various matters to magistrates. In particular, section 636(b)(1) provides that "[n]otwithstanding any law to the contrary," judges may refer both nondispositive pretrial matters (such as discovery requests) and dispositive pretrial matters (such as summary judgment motions) to a magistrate, with separate subparagraphs setting forth the procedure for reference of nondispositive versus dispositive matters. Subparagraph (A) deals with nondispositive matters, empowering a judge to "designate a magistrate to hear and determine *any* pretrial matter pending before the court," (emphasis added) excepting certain specifically enumerated dispositive motions covered by subparagraph (B). Subparagraph (A) further states that "[a] judge of the court may reconsider any pretrial matter ... where it has been shown that the magistrate's order is clearly erroneous or contrary to law."

Despite some ambiguity in the statute as printed in the United States Code,[1] the legislative history clarifies that "subparagraph (A) does not specify a procedure to be followed by a party in obtaining reconsideration of a magistrate's order by the judge," and that "a fixed time [is not] specified with which to obtain review of a magistrate's order in 'any pretrial matter,' since what is a timely request to a judge of the court will depend upon the nature of the pretrial matter." H.R.Rep. No. 1609, 94th Cong., 2d Sess. 10, *reprinted in* 1976 U.S.Code Cong. & Ad.News 6162, 6170 ("House Report"). *See also* S.Rep. No. 625, 94th Cong., 2d Sess. 8–9 (1976) ("Senate Report"). This gap in subparagraph (A), however, has since been filled by Rule 72(a) of the Federal Rules of Civil Procedure, which states that a district judge shall consider objections to a magistrate's proposed disposition of a nondispositive pretrial matter "provided they are served and filed within 10 days after the entry of the order." Fed.R.Civ.P. 72(a); advisory committee note on subdivision (a). In contrast, the reference of dispositive matters under the authority of subparagraph (B) is controlled by more specific procedures outlined in subparagraph (C) of the statute, which require the court to mail a copy of

---

1. For some reason, the textual portion of subparagraph (C) that includes the ten-day provision for objecting to a magistrate's proposed findings and recommendations—unlike the rest of subparagraph (C) and subparagraphs (A) and (B) of subsection (b)(1)—is not indented but is printed flush with the margin. This lack of indentation gives the impression at first glance that this portion of subparagraph (C) applies to all of subsection (b)(1) rather than subparagraph (B) only. *See ante* at 1241 (quoting text of subsection (b)(1)).

the magistrate's report to the parties, and in turn require parties to file their objections to the report with the district court within ten days. *See* 28 U.S.C. § 636(b)(1)(B) & (C); House Report at 11, *reprinted in* 1976 U.S.Code Cong. & Ad. News at 6171.[2] *See also* Fed.R.Civ.P. 72(b) (setting forth additional procedures applicable to references under § 636(b)(1)(B)).

Unlike subsection (b)(1), which outlines in varying degrees of detail the types of pretrial motions to be referred and the procedures to be followed after referring them, subsection (b)(2) merely states generally that "[a] judge may designate a magistrate to serve as a special master pursuant to the applicable provisions of this title and the Federal Rules of Civil Procedure." *See ante* at 1239 (text of subsection (b) (2)). Therefore, the operation of subsection (b)(2) is governed by and depends almost entirely upon Rule 53 of the Federal Rules of Civil Procedure. *See* House Report at 12, *reprinted in* 1976 U.S.Code Cong. & Ad.News at 6172; Senate Report at 10; Fed.R.Civ.P. 53 advisory committee note on 1983 Amendment, subdivision (f). The broad discretion granted to judges to refer pretrial matters under section 636(b)(1) does not exist for reference of various matters to a special master under Rule 53, which states that "save in matters of account and of difficult computation of damages, a reference shall be made only upon a showing that some exceptional condition requires it." Fed.R.Civ.P. 53(b).[3] Rule 53 also requires a master to prepare and file a report on the matters referred to him, and—most importantly for present purposes—states that a party may serve on the other parties written objections to the report within ten days of its filing. Fed.R. Civ.P. 53(e)(1) & (2); advisory committee note on 1983 Amendment, subdivision (f) (comparing reporting requirements of Rule

53 with more liberal procedures under section 636(b)(1)).

Finally, the 1976 amendments added subsection (b)(3), which states simply that "[a] magistrate may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." This broadly-phrased provision perhaps most dramatically illustrates Congress's intent to give the district judges substantial discretion to experiment with the use of magistrates for initial evaluation of a vast variety of matters. *See* House Report at 12, *reprinted in* 1976 U.S.Code Cong. & Ad.News at 6172; Senate Report at 10–11. Moreover, the subsection fills the gap left by subsection (b)(1), which applies exclusively to "pretrial matters." *Id.* Since subsection (b)(3) provides no guidance whatsoever concerning the procedures governing such a reference, this task is apparently left to district courts under subsection (b)(4). *See* 28 U.S.C. § 636(b)(4) ("Each district court shall establish rules pursuant to which the magistrates shall discharge their duties.").

This discussion of section 636(b) and the pertinent federal rules that implement it reveals several errors in the majority's analysis of the waiver question. First, contrary to the majority's assumption that subsection (b)(2) differs from (b)(1) because the former has no ten-day provision for filing objections to a special master's report, subsection (b)(2) actually incorporates such a provision by reference to Rule 53(e)(2). The fact that the source of this provision is a federal rule of civil procedure rather than the statute itself should not alter the waiver analysis: either source provides parties with fair warning of their duty to present their objections to the district court, and the structure and history of the 1976 amendments to the Magistrates Act reflect a conscious congressional choice to leave the development of particular pro-

---

**2.** The House Report notes that this provision for objection "is substantially the procedure and the time limit specified in Rule 53 where there has been a reference to a master." House Report at 11, *reprinted in* 1976 U.S.Code Cong. & Ad.News at 6171. *Accord* Senate Report at 10.

**3.** Although the other provisions of Rule 53 apply to all designations under section 636(b)(2), the "exceptional condition" requirement need not be met if the judge designates a magistrate as a special master with the consent of the parties. 28 U.S.C. § 636(b)(2) (1982); Fed.R.Civ.P. 53(b).

cedures to the courts. Hence, even accepting the majority's assumption that a ten-day provision is a necessary condition to an appellate finding of waiver, Rule 53 should satisfy that condition for references under subsection (b)(2).

Second, the discussion demonstrates that the majority errs in assuming that the ten-day rule embodied in subparagraph (C) statutorily applies to all pretrial matters referred under subsection (b)(1). The legislative history shows that Congress did not prescribe the procedure for objecting to a magistrate's recommendations on nondispositive matters referred under subparagraph (A) of subsection (b)(1), and instead that—as with subsection (b)(2)—this void was filled by a federal rule of civil procedure (Rule 72(a)). Thus, to the extent that its analysis turns on the absence of an applicable ten-day rule in the statute itself as a basis for inferring that Congress did not intend to allow an appellate finding of waiver, the majority would also deny our authority to find that a party waived its objections to a magistrate's disposition of routine, nondispositive pretrial matters under section 636(b)(1)(A).

Finally, I fundamentally disagree with the majority's premise that Congress's inclusion of a specific provision for objecting to a magistrate's findings or recommendations under section 636—and not the "broad efficiency goals of the Magistrates Act"—is the sole source of our power as an appellate court to recognize as waived any such objections that were never presented to the district court. Although the ten-day provision implies that any objections must be filed with the district court within that period or else be waived before that court, neither the provision itself nor the pertinent legislative history specifically suggests whether failure to follow it constitutes a waiver of objections on appeal. *See, e.g., United States v. Schronce,* 727 F.2d 91, 93 (4th Cir.) ("Neither the legislative history of the Act nor § 636(b)(1) itself ... specifically addresses the potential consequences a party will suffer if he fails to file the written objections authorized by the last paragraph of that subsection."),

*cert. denied,* —— U.S. ——, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984); *Nettles v. Wainwright,* 677 F.2d 404, 407 (5th Cir.1982) (en banc) ("Absent from the statute is any statement as to the effect on appeal of a party's failure to object to the magistrate's findings where those findings are subsequently adopted by the district court."). *Cf. United States v. Walters,* 638 F.2d 947, 949 (6th Cir.1981) (adopting waiver rule based on policy of Magistrates Act, but stating that "[t]he permissive language of 28 U.S.C. § 636 suggests that a party's failure to file objections is not a waiver of appellate review"). I therefore believe that we have the power—and even the obligation—as an appellate court to decide in an appropriate case whether to adopt a waiver rule by reference to the general purposes of the Magistrates Act and to the interests of fairness and efficiency in judicial administration.

Because I do not deem this case as an appropriate one for formulating such a rule, however, I join in the decision not to find the appellant's objections waived. In fact, as the foregoing discussion of section 636(b)(2) and Rule 53 reveals, the proper procedures were not followed below in referring appellee's motion for assessment of costs to a magistrate serving as a special master. *Cf. Livas v. Teledyne Movible Offshore, Inc.,* 607 F.2d 118, 119 (5th Cir. 1979) (appellant's failure to object to magistrate's report under Rule 53(e)(2) does not bar him from raising district court's independent duty to determine that master's findings not clearly erroneous). At the outset, this motion involved no difficult computations, and hardly satisfied the "exceptional condition" requirement for reference to a special master under Rule 53(b). *See* 5A J. Moore & J. Lucas, Moore's Federal Practice ¶ 53.05[2] (2d ed. 1984) (issues of costs generally inappropriate for referral to a special master); *Prudence-Bonds Corp. v. Prudence Realization Corp.,* 174 F.2d 288, 289 (2d Cir.1949) (same). Even if the reference to the magistrate in this case was made with the consent of both parties (on which the record is silent) and the "exceptional condition" requirement was thus

inapplicable, the procedures for submission and review of a special master's report were not satisfied in this case by the magistrate's summary "order" assessing costs, and the district court's summary adoption of that order. *See* Fed.R.Civ.P. 53(e); 9 C. Wright & A. Miller, Federal Practice and Procedure §§ 2611–12 (1971 & Supp.1984) (discussing procedures).

These criticisms are not meant to suggest that it is improper to refer motions for costs or similar motions to a magistrate under section 636, but rather that the special master provision is generally not the best method for doing so. In the future, the better practice would be to refer these kinds of relatively routine matters, similar to those embraced in section 636(b)(1)(A) but for the fact that they are not pretrial matters, under the authority of subsection (b)(3). Indeed, Congress enacted subsection (b)(3) for the express purpose of encouraging district courts to experiment with referring such matters to magistrates. *See* House Report at 12, *reprinted in* 1976 U.S.Code Cong. & Ad.News at 6172 (subsection would permit "magistrate to review default judgments, order the exoneration or forfeiture of bonds in criminal cases, and accept returns of jury verdicts where the trial judge is unavailable," and would "enable the court to refer some of the more administrative functions to a magistrate").

Unfortunately, the standard form that the district court used to refer the motion for costs to a magistrate in the present case appears to make no provision for reference under section 636(b)(3).[4] It is perhaps for this reason that the district judge checked the box on the form providing for reference to a magistrate to "[s]erve as a Special Master subject to the provisions of 28 U.S.C. § 636(b)(2) and Rule 53, F.R.C. P." While it is not the province of this court to rewrite the forms used by the

district court or otherwise to reformulate the procedures for reference of various matters to a magistrate, I would call to the district court's attention the seeming lack of any provision implementing section 636(b)(3), and note the potential for future development in this area. Subsection (b)(3) provides the opportunity for district judges, with appropriate guidance to the parties concerning the specific procedures they should follow, to begin the kind of innovation in the use of magistrates that Congress intended.

In any event, once a district court elects to invoke the special master procedure of section 636(b)(2), it must insure that the detailed requirements of Rule 53 are satisfied. In a case where the record does not show that these requirements were satisfied, I would not penalize the appellant by finding his objections to the magistrate's disposition of the motion to be waived.

---

4. The form, which indicates that it was revised in July 1982, apparently implements the pertinent Rules of the United States District Court for the Northern District of Illinois, in particular Rules 1.70 ("Duties and Powers of Magistrates") and 2.41 ("Referrals and Reassignments to Magistrates"). Neither the Rules nor the form specifies any category that would literally encompass the reference of a post-trial motion like that involved in the present case, nor do they otherwise provide for references under section 636(b)(3). Strangely, however, Rule 1.70 C.1. (1983), which deals with the reference of "dispositive pretrial matters," provides that a magistrate may review motions to set aside default judgments, and motions to set aside involuntary judgments of dismissal.