**Gary W. HORNING, Plaintiff,**

v.

**COUNTY OF WASHOE, et al., Defendants.**

**No. CV–R–83–201–ECR.**

United States District Court, D. Nevada.

Nov. 21, 1985.

Gary C. Backus, Reno, Nev., for plaintiff.

Jack Angaran of Shamberger, Georgeson, McQuaid & Thompson, Reno, Nev., for Alicia Reidel and City of Reno.

Edward Dannan, Asst. Dist. Atty., and Erickson, Thorpe, Swainston & Cobb, Ltd., Reno, Nev., for defendants Leo, Dickinson, Dalton, Pearson and Co. of Washoe.

### MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., District Judge.

The plaintiff has moved to retax the costs awarded by the Clerk of Court to defendants Paul C. Leo, James Dickinson, Donald Dalton and Cecil Pearson. Those

four defendants have obtained judgment in their favor against the plaintiff, based on jury verdicts. They all were employees of Washoe County's Sheriff Department.

Nevada statute, NRS 41.0339 and 41.-0347, required the County to defend its employees against any civil action arising out of the performance of their duties, if the employees' acts were not wanton or malicious. In addition, the pretrial order listed the witnesses whose costs were allowed by the Clerk as "Defendant Washoe County's witnesses." For these two reasons, the plaintiff urges that the four individual employees are not entitled to an award of costs.

In response, the four employees point out that they were sued in their individual capacities and were the prevailing parties as between themselves and the plaintiff. Fed.R.Civ.P. 54(d) declares: "... costs shall be allowed as of course to the prevailing party unless the court otherwise directs....". Further, these defendants note that the witnesses' testimony focused on their specific conduct toward the plaintiff, rather than on the County's policies regarding selection, training or supervision of employees. The pretrial order was meant to refer to the Washoe County defendants collectively, and everyone knew it, the defendants say.

The plaintiff further complains of the allowance of costs incident to the defendants' taking of the deposition of Dr. Mario Porras, who was the plaintiff's treating physician. Those costs totalled $109.25. The deposition was not published during trial, nor was it specifically used for any other trial purpose, although Dr. Porras did testify. In the plaintiff's view, the deposition was taken only for discovery purposes and was not reasonably necessary for the trial. The deposition of the plaintiff himself, with costs totalling $187.50 allowed by the Clerk, was used during trial. However, he also took the witness stand. The plaintiff argues that the costs of depositions are not taxable where the deponents are available for examination at trial.

There is a presumption that a prevailing party should recover costs; some reason must appear for penalizing him if costs are to be denied. *True Temper Corp. v. CF&I Steel Corp.*, 601 F.2d 495, 509 (10th Cir.1979); *Popeil Brothers, Inc. v. Schick Electric, Inc.*, 516 F.2d 772, 776 (7th Cir.1975). There has been no demonstration of bad faith, dilatory tactics, abuse of depositions, unreasonable expenses, or other reason to penalize the defendants.

The argument that the County of Washoe provided the representation for the employee defendants and paid all expenses incident thereto, so that the employees should not recover costs, might be persuasive if this Court were writing on a clean slate. The Ninth Circuit has held just the opposite in an analogous situation. In *Pickering v. Holman,* 459 F.2d 403, 407-08 (9th Cir.1972) the award of costs to a defendant was upheld, even though a third party paid his litigation expenses. The losing party would gain a windfall if it were otherwise, the opinion reasoned. *Pickering* is controlling here. Further, it was understood by everyone, including the Court, that the reference in the pretrial order to Washoe County's witnesses was meant to cover the County defendants collectively, including the individual County employees.

The taxable costs specified in 28 U.S.C. § 1920 speak of stenographic transcripts and copies of papers "necessarily obtained for use in the case," rather than for use at trial. This point was made in *Hudson v. Nabisco Brands, Inc.,* 758 F.2d 1237, 1243 (7th Cir.1985), where it was held that introduction of a deposition at trial is not a prerequisite for finding that it was necessary to take the deposition. The Ninth Circuit seems to agree, for it has held that allowance or disallowance of expenses of depositions not used at trial is within the discretion of the trial court. *Economics Laboratory, Ind. v. Donnolo,* 612 F.2d 405, 411 (9th Cir.1979); *accord Gillam v. A. Shyman, Inc.,* 31 F.R.D. 271, 274 (D.Alaska 1962).

■ There is disagreement as to whether the costs of a deposition taken for discovery purposes may be allowed. *Hudson,* at 758 F.2d 1243, says yes, provided it was not taken merely for the convenience of the deposer's attorney. *Gillam,* at 31 F.R.D. 274, says no, reasoning that discovery is for the convenience of the attorney preparing for trial. *Hudson,* at page 1243, makes a significant observation that is helpful in resolving this apparent conflict: "The determination of necessity must be made in light of the facts known at the time of the deposition, without regard to intervening developments that later render the deposition unneeded for further use." In a case such as the instant one, where damages for physical injuries are prayed for, the taking of the deposition of the plaintiff's doctor prior to trial is certainly reasonably necessary for use in the case. It is not merely for the convenience of the defendants' attorney. Only the plaintiff's doctor knows for sure the extent of any pain, suffering and incapacity immediately after the injuries were incurred. Although the defendants could have the plaintiff examined by their own doctor, it is common knowledge that doctors disagree as to such important matters as the extent and length of any future pain or disability.

The statement in *Gillam,* at page 274, that deposition costs are not taxable where the witness is available for examination at trial, should not be taken literally. A better explanation is that, in the exercise of discretion by the court, where a deposition has been taken of a favorable witness who is available for examination at trial, the cost of the deposition need not be allowed. *Prashker v. Beech Aircraft Corp.,* 24 F.R.D. 305, 308 (D.Del.1959). Neither the plaintiff nor Dr. Porras was a favorable witness for the defendants.

The expenses incurred in connection with the defense of the County defendants appear to have been borne for them collectively. That is, there has been no credible showing that a particular expense was incurred for the benefit of less than all of the defendants. Therefore, it seems appropriate to apportion the taxable costs evenly among the defendants. There were five defendants, and only four employees have been allowed the costs which are the subject of the present motion. Therefore, those four should be allowed only 80% of the $563.93 taxed by the Clerk on September 19, 1985 (Document # 113).

IT IS, THEREFORE, HEREBY ORDERED that the September 19, 1985, taxation of costs is vacated and set aside.

IT IS FURTHER ORDERED that the Clerk of Court shall retax the costs allowable to defendants Paul C. Leo, James Dickinson, Donald Dalton and Cecil Pearson so that 80% of the costs heretofore allowed shall be taxed against the plaintiff, that is $213.74 for fees for witnesses and $237.40 for costs incident to taking of depositions, for a total of $451.14.