BATS INC., Plaintiff,

v.

VECTOR PIPELINE LP,
et al., Defendants.

No. 3:00CV749RM.

United States District Court,
N.D. Indiana,
South Bend Division.

June 16, 2004.

Jan M. Carroll, Barnes & Thornburg—
Ind/IN, Indianapolis, IN, Shelese M. Em-

mons, Barnes & Thornburg—Ind/IN, Indianapolis, IN, Alejandro Valle, Barnes & Thornburg—Ind/IN, Indianapolis, IN, for Defendants.

Larry G. Evans, Hoeppner, Wagner and Evans LLP—Val/IN, Valparaiso, IN, Kevin G. Kerr, Hoeppner Wagner and Evans LLP—Val/IN, Valparaiso, IN, Marissa J. McDermott, Hoeppner Wagner and Evans LLP—Val/IN, Valparaiso, IN, for Plaintiff.

## ORDER

NUECHTERLEIN, United States Magistrate Judge.

This case has a long, contentious history. The central dispute arose over the value of trees that were removed by the defendant from the plaintiff's property. The parties had negotiated and executed a contract which addressed the compensation the defendants' were to pay the plaintiff for an easement and temporary workspace along the plaintiff's fence row. However, despite the skill of the draftsmen and the parties ability to anticipate issues, a difference of opinion regarding the contract festered and grew into a fully, no excessively, litigated federal case.

The plaintiff originally filed suit in state court simply alleging breach of contract and seeking damages and attorneys fees. However, after removal, the plaintiff amended its complaint five times escalating the dispute by adding fraud counts and seeking treble and punitive damages.

After two years of discovery and unsuccessful mediation, the parties filed cross motions for summary judgment. On June 6, 2002, Chief Judge Miller granted the defendants' motion for summary judgment in part, ruling that the defendants had not breached the contract. Chief Judge Miller also found that the plaintiff was entitled to compensation for the temporary use of its property by the defendants for temporary workspace. Because the exact damages were for a jury to decide, this case proceeded to trial, and on February 5, 2003, a jury awarded the plaintiff $30,000 in damages.

Normally, in litigation, after the parties conduct discovery, engage in mediation, litigate motions for summary judgment, and then proceed to trial, the last word on the dispute is delivered by a jury rendering its verdict. But not in this case. Because of a late amendment to the plaintiff's complaint, and by agreement of the parties, a single issue was severed from the jury trial and the parties proceeded to a second round of summary judgment motions after the trial. On March 19, 2004, Chief Judge Miller again granted the defendants' second motion for summary judgment.

One would think that now after all issues had been decided, either by judge or jury, this case would be concluded. But, like two prize fighters staggering in the ring in the late rounds, the fight continues, each thrusting and jabbing, seeking to win on points, if not a knockout. For now, the dispute that fuels the fight is the question of who won and who should be awarded its costs for this expensive tree removal dispute. Each party has filed for costs and each has objected, naturally to the other's request.

The issue of costs was referred to the undersigned on April 13, 2004, and after briefing, a hearing was held on June 1, 2004.

Before turning to the present issue of costs, there are other costs, the remnants of an earlier discovery dispute, which are not contested. On October 7, 2003, after a hearing, the undersigned granted the plaintiff's motion to compel and awarded costs and attorney fees to the plaintiff. The defendants objected, both to the ruling on the discovery dispute and the awarding of costs and attorneys fees. On March 19, 2004, Chief Judge Miller overruled the defendants' objection and on March 30, 2004, the plaintiff amended its requests for costs and fees relating to the discovery dispute. As a result, the plaintiff is now awarded $4,062.02 for costs and attorneys fees all of which relate to the earlier discovery dispute.

Regarding the remaining dispute over costs, a key issue is which party is the "prevailing party". Rule 54(d)(1) Fed.R.Civ.P. provides: " . . . costs other than attorneys fees shall be allowed as of course to the prevailing party . . ." Explaining how this provision applies in cases where each party has prevailed on different claims, the Sev-

enth Circuit has held that the analysis for determining who the "prevailing party" is, focuses on who prevailed ". . . as to the substantial part of the litigation." *First Commodity Traders, Inc. v. Heinold Commodities, Inc.*, 766 F.2d 1007 at 1015 (7th Cir.1985) *see also Northbrook Excess and Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, (7th Cir.1991).

■ With this in mind, a brief review of the history of this case reveals that after two rounds of summary judgment motions and a jury trial, the defendant prevailed on the plaintiff's claims for: (a) actual and constructive fraud; (b) breach of contract for refusing to pay multiple non-conforming tree appraisals, (c) breach of contract for soil compaction; (d) punitive damages; and (e) treble damages. The plaintiff did obtain a $30,000 jury verdict. It is but a fig leaf of respectability and pales in comparison to what the plaintiff sought. While the punitive and treble damage claims were still viable, the plaintiff evaluated its claim to be in excess of $500,000. And at trial, after punitive and treble damages had been removed, the plaintiff's counsel asked the jury to award more than $82,000 in damages.

In light of the defendants' success, and the plaintiff's modest victory, the court cannot conclude that the plaintiff is the prevailing party ". . . as to the substantial part of the litigation" contemplated in Rule 54 and accordingly, denies its claim for costs.

A more difficult question is whether to award costs to the defendants. While it is true that the defendants prevailed on the lion's share of issues, it is also true that at the end of the fight, the plaintiff can point to a jury verdict in its favor. The plaintiff also complains that the defendants' bill of costs is procedurally defective and claims inappropriate expenses. It is very tempting to the court, particularly in light of the contentious history of this case, simply to have each party bear its own costs for this dispute. This too would be well within the discretion of the court. But after careful consideration of the arguments and equities of this case, this court concludes that the defendants are the prevailing party of the substantial part of the litigation and are entitled to their costs.

Concerning the alleged defects of the defendants' bill of costs, the plaintiff correctly states that by application of this court's Local Rule 54.1, a bill of costs must be attested to and the defendants' was not. However, on April 26, 2004, defendants filed a Motion *Nunc Pro Tunc* and this court granted the defendants' motion. Accordingly, what was not originally attested to now is and now complies with Local Rule 54.1.

Regarding specific expenses alleged by the plaintiff to be inappropriate, Title 28 U.S.C. Section 1920 defines the term "costs" as used in Rule 54(d). Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d). *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987). The following costs requested by Vector will be addressed individually to determine if they are allowed in section 1920.

## A. *DEPOSITIONS*

■ Vector requests $4,054.50 in deposition costs. Bats objects to all deposition costs except for the depositions of witnesses related to the award of summary judgment in favor of Vector totaling $757.51. The recovery of deposition expenses is authorized under section 1920(2) if necessarily obtained for use in the case. The determination of the necessity must be evaluated in light of the knowledge at the time of the deposition; necessity does not require that the deposition be used at trial. *Sampson v. Orkin Exterminating Co., Inc.*, 124 F.R.D. 631, 637 (N.D.Ind.1989) *citing Hudson v. Nabisco Brands, Inc.*, 758 F.2d 1237 (7th Cir.1985).

■ Vector has supported the reasonableness of the deposition costs by addressing each deposition individually, submitting that each was necessary for either the summary judgment rulings in favor of Vector on the fraud and punitive and treble damages claims or essential for the opposition of the summary judgment motion made by Bats on the tree appraisal issue. (Def. opening brief regarding costs (n.3)). The Court agrees that the deposition costs are reasonable; thus,

Vector's request for deposition costs is **GRANTED.**

## B. TRAVEL COSTS

■ Vector requests $5,197.02 in attorney travel expenses. Bats objects to the full amount of the request. Attorney travel expenses are not taxable as costs pursuant to section 1920. Attorney travel and expenses are appropriately categorized as "attorney fees,"and as such should be requested under Fed.R.Civ.Pro. 54(d)(2). "Major expenses such as attorneys fees, investigatory services, and most travel and subsistence expenses generally are not recoverable 'costs.'" *Sampson*, 124 F.R.D. at 636 (N.D.Ind.1989) *citing State of Illinois v. Sangamo Construction Company, 657 F.2d 855 (7th Cir.1981).*

■ The cases cited by Vector in support of the award are distinguishable from the present case in that they are civil rights cases governed by 48 U.S.C. § 1988 (2003), which specifically authorizes the taxation of attorney fees as costs. Because Vector is not entitled to attorney fees, and this case is not related to civil rights, Vector's request for travel expenses is **DENIED.**

## C. COMPUTERIZED LEGAL RESEARCH

■ Vector requests $4,946.03 for computerized legal research. Computerized legal research is appropriately categorized under "attorney fees." *Montgomery v. Aetna Plywood Inc.*, 231 F.3d 399, 409 (7th Cir.2000); *Haroco, Inc. v. American Nat'l Bank & Trust Co.*, 38 F.3d 1429, 1440 (7th Cir.1994). Because Vector is not entitled to recover for attorney fees, Vector's request for taxation of computerized legal research fees as costs is **DENIED.**

## D. TRANSCRIPT

■ Vector requests transcript costs in the amount of $359.70. Bats objects to this request on the grounds that the transcript was not necessary since the information was generally the same information available in the deposition transcripts. The Court has the discretion to award transcript fees under section 1920(2). The request for transcript need not be absolutely necessary, only reasonable; however, the Court may not award transcript fees when used merely for attorney convenience. *Majeske v. City of Chicago*, 218 F.3d 816, 825 (7th Cir.2000).

Vector stated that the transcript requested covered Terry Cooper's trial testimony and was used in support of a summary judgment motion. It is reasonable for Vector to request a trial transcript for the stated use. Vector's request for transcript costs is therefore GRANTED.

## E. MISCELLANEOUS COSTS

Vector requests $2,265.42 in copying and telecopying, postage, federal express, messenger courier services, and fees of the clerk. Bats did not object to these requests and they are appropriate. Accordingly, Vector's requests are **GRANTED** in full.

## CONCLUSION

Vector's request for costs is **DENIED** with respect to travel costs and computerized legal research and **GRANTED** with respect to deposition expenses, photo and telecopying, shipping, postage, messenger services, trial transcript costs, and filing fees. Accordingly, Vector is now **GRANTED** its costs in the amount of $6,679.62.

In summary, it is the court's hope that these will be the last words written concerning the removal of the trees from the plaintiff's property. Because the plaintiff did not prevail on a substantial part of the litigation and the defendant did, the plaintiff's claim for costs is **DENIED** and the defendants' is **GRANTED.**

The plaintiff is **ORDERED** to pay the defendant $6,679.62 for costs assessed pursuant to Fed.R.Civ.P. 54. The defendant is **ORDERED** to pay the plaintiff the sum of $4,062.02 for costs and attorney fees regarding the earlier discovery dispute and assessed pursuant to Fed.R.Civ.P. 54.

**SO ORDERED.**